**MARINE FIREMEN'S UNION, and others similarly situated, Appellant,**

v.

**OWENS–CORNING FIBERGLASS COR- PORATION et al., Appellees.**

No. 72–1936.

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1974.

As Corrected Oct. 23, 1974.

Joseph M. Alioto (argued), San Francisco, Cal., for appellant.

John Curran Ladd (argued), of Steinhart, Goldberg, Feignbaum & Ladar, San Francisco, Cal., for appellees.

## OPINION

Before MERRILL and ELY, Circuit Judges, and EAST,[*] Senior District Judge.

EAST, Senior District Judge:

## THE CASE

Marine Firemen's Union (Marine) instituted this private class antitrust action under §§ 4-16 of the Clayton Act [15 U.S.C. §§ 15-26] on February 18, 1970, alleging in its complaint that the appellees combined and conspired to violate § 1 of the Sherman Act [15 U.S.C. § 1] with resulting treble damage. These allegations were substantially the same charges of violation as contained in the hereinafter mentioned government criminal proceedings.

The District Court granted the appellees Rule 56, Federal Rules of Civil Procedure, motion for summary judgment on the grounds that the statute of limitations [1] barred the instant action, and summary judgment was accordingly entered on March 17, 1972.

At the time of the District Court's hearing on the motion for summary judgment, the truth of Marine's allegations was presumed and the pertinent undisputed facts were:

On or about December 28, 1964, the United States of America timely instituted a criminal proceeding against the appellees in the United States District Court for the Northern District

---

[*] Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 15 U.S.C. § 15b, Limitation of Actions.
 "Any action to enforce any cause of action under [§] 15 . . . shall be forever barred unless commenced within four years after the cause of action accrued."
 15 U.S.C. § 16(b), Suspension of Limitations.
 "Whenever any . . . criminal proceed- ing is instituted by the United States to . . . punish violations of any of the antitrust laws, . . . the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter."

of California charging that those parties combined and conspired in violation of § 1 of the Sherman Act;

On February 6, 1969, the last of the defendants, appellees herein, entered a plea of "nolo contendere" in those criminal proceedings, and on February 17, 1969, the appellees were orally fined by the District Court; however, the judgment of conviction on those pleas was not signed by the sentencing judge until February 19, 1969, nor entered by the clerk until February 20, 1969; and

As stated above, Marine instituted these proceedings on February 18, 1970.

Here we pinpoint that the commencement date of this cause exceeded by one day the period of one year after the date of the District Court's oral sentence or judgment to pay fines, but was within one year after the signing of the written judgment by the sentencing judge and a *fortiori* the date of the clerk's entry of the judgment.

Also it is noted that the appellees urged to the District Court at the hearing on the motion for summary judgment the legal concept that the "pendency" of the criminal proceedings terminated as of the date of the oral sentences and judgments of fine. Marine urged that the "pendency" of the government's proceedings extended from the date of the oral pronouncements of sentence through the appeal time following. The District Court adopted the premises of the appellees and ruled that the "pendency" of the government's criminal proceedings against the appellees terminated on February 17, 1969 when the appellees were orally sentenced.

Marine timely moved the District Court, pursuant to Rule 59(a) and (b), *Federal Rules of Civil Procedure*, to reconsider and set aside its summary judgment aforesaid. The District Court entertained the motion and heard the parties. Marine contended in support of its motion that it had been ill-advised in the date of oral sentence, plus appeal time concept, and that the true, crucial and lawful termination of "pendency" date is the date of the entry of a signed judgment in the criminal docket, in this case February 20, 1969, plus appeal time, and urged the District Court to reconsider and vacate its ruling fixing February 17, 1969 as the date of the termination of the "pendency" of the related criminal proceeding. The appellees contended that Marine was attempting to untimely interject a new position or issue of law after a full hearing, consideration and adjudication by the District Court on the merits of the motion for summary judgment and flatly reiterated their position in these words:

"And clearly we believe that the cases we have cited indicate that [the criminal proceeding] ceases to be pending when the defendants orally made their pleas and when the judge orally fined them."

The District Court concluded the hearing with these remarks:

"Well, you [counsel for appellees] may be wrong, I may be wrong, Mr. Alioto [counsel for Marine] may be right, but we will let the Ninth Circuit decide it.

"Motion denied."

Marine appeals from the summary judgment and the order denying the motion for reconsideration and vacation of the summary judgment. We reverse.

## ISSUE

We briefly paraphrase the single issue on appeal as follows:

At which procedural point and date does the "pendency" of a government's criminal proceedings terminate for the purposes of the operation of the one year additional suspension of the running of the statute of limitations under § 5(b) of the Clayton Act [15 U.S.C. § 16(b)]?

## DISCUSSION

 Marine's new or revised position did not raise a new issue of law, but rather a change of its legal view or concept of the crucial and lawful termination of "pendency" date. In any event we are satisfied that the District Court's denial of the motion for reconsideration and vacation of the summary judgment was not entered in the exercise of judicial discretion for a party's failure to show an absence of purpose of delay or because of the insertion of a new parallel or contra issue of law not theretofore urged to or considered by the District Court. It is manifest that the motion was timely made to correct an avowed mistake of legal concept which may or may not have misled the District Court in reaching its conclusion in a bona fide attempt to rectify an asserted erroneous judgment; further, that the District Court did entertain the motion and heard the parties on the legal merits in a review of its prior ruling on the summary judgment. We conclude that the District Court's determination to deny the motion involved a reconsideration of the merits and was an adherence to its prior ruling that the date of oral sentence was the proper termination date and Marine's class action claim was absolutely barred by the statute of limitations. We hold that determination to be a conclusion of law on the merits and reviewable on this appeal. See American Pipe & Construction Co. v. Utah, (1974) 414 U.S. 538, at 560, 94 S.Ct. 756, 38 L.Ed.2d 713. The holding in Grumman Aircraft Eng. Corporation v. Renegotiation Board, 157 U.S.App.D.C. 121, 482 F.2d 710 (1973) urged by the appellees is not contrary. "In our view, the District Court properly denied the motion for rehearing as untimely *without considering its merits.*" (Italics supplied), at page 721.

 It is fundamental that the court's oral pronouncement of a sentence to custody or of fine is a due process necessity; however, in and of itself it is not an enforceable adjudication in any given criminal proceeding. The criminal proceeding necessarily continues and pends following the oral sentence until a final enforceable judgment of conviction and sentence is made by the adjudicating court. We conclude that in order to give full effect to the double play of § 16(b) [suspension of the statute of limitations, § 15b], the pendency" of the government's criminal proceeding continues for a period of one year from and after the date of the *entry of judgment of conviction* against the last remaining defendant in the related criminal proceeding. Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965); Leh v. General Petroleum Corp., 382 U.S. 54, 86 S.Ct. 203, 15 L. Ed.2d 134 (1965); New Jersey v. Morton Salt Company, 387 F.2d 94 (CA 3 1967); Maricopa County v. American Pipe & Construction Co., 303 F.Supp. 77 (D.C.Ariz.1969): see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 333–338, 91 S.Ct. 795, 28 L. Ed.2d 77 (1971).

Rule 32(a), Federal Rules of Criminal Procedure, prescribes the formalities to be followed in the imposition of sentence. Section (b) of Rule 32 and Rule 55, Federal Rules of Criminal Procedure, in plain and specific language prescribes the substance and procedures to be utilized in the entry of a final enforceable judgment of conviction in any given criminal proceeding. Rule 32(b)(1) provides:

> "A judgment of conviction shall set forth the plea, . . . findings, and the adjudication and sentence. . . . The judgment shall be *signed by the judge and entered by the clerk.*" (Italics supplied)

Rule 55 commands, *inter alia*, that:

> "Among the records required to be kept by the clerk shall be a book known as the 'criminal docket' in which, . . . shall be *entered* each . . . judgment of the court. *The entry of [a]* . . . *judgment shall show the date the entry is made".* (Italics supplied)

 Professor Moore points out that the principal importance of the

judgment, and its entry [in the criminal docket], is in relation to the taking of an appeal. 8A Moore's Federal Practice, § 32.06. Case law chaos results if different procedural points and dates thereof are to be for one reason or the other selected as the commencement date of time limits on the myriad of post judgment remedies open to any given party, such as appeal, motions for new trial, reduction of sentence or filing of cost bills, to name a few. Orderly procedural necessity dictates uniformity. We sense no logical reason to differentiate the procedural point or date of final adjudication and termination of the "pendency" of a given criminal proceedings for the purpose of computing statute of limitations time from that of calculating appeal time for any given party. Accordingly, we hold that the "pendency" of the related criminal proceeding referred to in § 16(b) terminates at the procedural point and date of the clerk's notation in the "criminal docket" for the case of the entry of the judge's signed written judgment of conviction of the last remaining defendant in the criminal proceeding. Since the clerk's "criminal docket" notation of the entry of the summary judgment was made on February 20, 1969, we conclude that the District Court erred in fixing February 17, 1969, the date of the District Court's oral pronouncement of sentence of fine, as the date of the termination of the "pendency" of the related criminal proceeding and adjudging Marine's class action claim absolutely barred by the statute of limitations involved.

In view of the holding above, we do not reach Marine's contention that the "pendency" of the criminal proceeding continued through appeal time.

The District Court's order denying Marine's motion for reconsideration and vacation of the summary judgment is reversed and the cause remanded to the District Court with instructions to vacate the summary judgment dated March 17, 1972, and for further proceedings.

Reversed and remanded.