INDIANAPOLIS HOTEL INVESTORS, LTD.; Harvest House Associates, Ltd.; the Inns at Napa and Silverthorne, Ltd.; Four Seasons, Ltd.; and the Inn at Concord, Ltd., Plaintiffs,

v.

AIRCOA EQUITY INTERESTS, INC., a Colorado corporation; Aircoa Hospitality Services, Inc., a Delaware corporation, f/k/a Associated Inns and Restaurants Company of America; Regal–Aircoa, Inc., f/k/a/ Aircoa Companies, Inc., a Colorado corporation; Indianapolis Associates, Ltd.; Silverthorne Associates, Ltd.; Napa W.L., Ltd.; AFS, Inc.; and Concord–Aircoa, Ltd., Defendants.

Civ. A. No. 89–B–1728.

United States District Court, D. Colorado.

March 27, 1990.

Hugh Gottschalk, Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Denver, Colo., for plaintiffs.

Carol Hagerty and William Murane, Denver, Colo., for defendants.

MEMORANDUM OPINION
AND ORDER

BABCOCK, District Judge.

Before me are two of defendants' motions addressing the portions of plaintiffs'

complaint alleging that defendants violated the Colorado Organized Crime Control Act, Colo.Rev.Stat. §§ 18–17–104(1)(a), 104(2) & 104(3) (COCCA), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(a), (b), (c) & (d) (RICO). Defendants argue that (1) the counts should be dismissed because plaintiffs failed to plead them with sufficient particularity and (2) the counts should be dismissed, or summary judgment granted as to those counts, because plaintiffs failed to bring them within the statute of limitations. Because the complaint is sufficiently particular and because there remain questions of material fact as to when the RICO claims accrued so as to begin the running of the statute of limitations, I deny both motions.

The RICO and COCCA claims are based on the allegation that defendants knowingly provided false financial projections to investor plaintiffs in six hotel ventures: (1) Boulder Hotel Associates, (2) Napa Wine Lodge Venture, (3) Four Season Joint Venture, (4) Concord Hilton Joint Venture, (5) Silverthorne Venture and (6) Kline Hotel Venture. Plaintiffs contend that defendants committed securities, mail and wire fraud in each venture. Plaintiffs do not allege the Indianapolis Venture as a predicate act for the RICO claims. The categorical term "Hotel Ventures" is used in plaintiffs' RICO claims and includes in that category all the ventures but the Indianapolis Venture. Complaint ¶ 327.

I. DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PLEAD RICO AND COCCA FRAUD WITH SUFFICIENT PARTICULARITY

■ As plaintiffs concede, to withstand a Fed.R.Civ.P. 12(b)(6) challenge, civil RICO claimants must set forth with particularity the predicate acts they allege give rise to a cause of action. *Cayman Exploration Corp. v. United Gas Pipeline Co.*, 873 F.2d 1357, 1362 (10th Cir.1989); Fed.R.Civ.P. 9(b). The particularity requirement is imposed to furnish a defendant and the trial court with clear notice of the factual basis for the predicate acts. *Cayman Exploration Corp.*, 873 F.2d at 1362. Plaintiffs consequently cannot meet the requirement by pleading exclusively legal conclusions or ultimate facts.

■ Defendants assert that plaintiffs have not plead the predicate acts with particularity and dismissal is appropriate. I disagree. Reading the complaint as a whole, it sets forth facts sufficiently detailed to allege that defendants committed predicate acts by intentionally providing plaintiff investors with false financial projections regarding the hotel ventures.

In *Cayman Exploration Corp.*, the Tenth Circuit affirmed the district court's dismissal of plaintiff's RICO claims because of a lack of sufficient particularity. The plaintiff alleged that the defendant "'knowingly sent correspondence and communications through the U.S. mails on more than two occasions with the specific design to assert a false position, known to be false, with the specific intent to compel plaintiff' to relieve [defendant] of its take-or-pay contract." *Cayman Exploration Corp.*, 873 F.2d at 1362.

Likewise, in *Weiszmann v. Kirkland and Ellis*, 732 F.Supp. 1540 (D.Colo.1990), in granting a motion to dismiss, I held that "to satisfy the particularity requirements of Rule 9(b), where, as here, mail and wire fraud are alleged as predicate acts of a RICO claim, the plaintiff must specify the time, place, and content of the allegedly false representation, and describe with particularity any allegedly fraudulent transaction, and how the particular mailing or transaction furthered the fraudulent scheme." Although the plaintiffs there failed to satisfy this requirement, the plaintiffs here have met the particularity mandate.

Plaintiffs' complaint contains many more details than alleged in *Cayman Exploration Corp.* or *Weiszmann*. The complaint alleges the approximate time the mail fraud occurred for the different ventures: (1) the Boulder Associates mailing occurred shortly before May 1982, Complaint ¶¶ 34–38, (2) the Napa Wine Venture mailing occurred shortly before August 1978, Complaint ¶¶ 49–54, (3) the Four Seasons Joint Venture mailing occurred shortly before April 1979, Complaint ¶¶ 64–68, (4) the Con-

cord Hilton Joint Venture mailing occurred shortly before December 1980, Complaint ¶¶ 81–86, (5) the Silverthorne Lodge Venture mailing occurred shortly before December 1980, (6) the Kline Hotel Venture mailing occurred shortly before May 1985.

For each venture, the complaint also alleges what information was contained in the projections. The complaint specifies that the projections included predicted room rates, occupancy percentages, operating expenses and overall profitability of the ventures. Complaint at ¶¶ 38, 53, 69, 86, 98 & 115. Further, the complaint states who prepared each projection and to whom each projection was mailed. The complaint also sets forth how the transactions form and fit a pattern. Although no other conduct is pled with the particularity required by Fed. R.Civ.P. 9(b), the complaint adequately pleads the projection mailings as predicate acts for the purpose of plaintiffs' RICO counts. To this extent, therefore, plaintiffs have satisfied Fed.R.Civ.P. 9(b) and dismissal is inappropriate. *See Creech v. Federal Land Bank*, 647 F.Supp. 1097, 1100 (D.Colo.1986) (Finesilver, J.).

## II. DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

Defendants claim that plaintiffs have failed to bring the RICO and COCCA claims within the applicable statute of limitations. Because plaintiffs have alleged jurisdiction based only on RICO, defendants seek dismissal of the entire complaint for lack of jurisdiction. In the alternative, defendants seek summary judgment on plaintiffs' RICO and COCCA claims.

The statute of limitations for RICO claims is four years. *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). Plaintiffs filed their complaint on October 5, 1989. The crucial issue here is when the alleged RICO claims accrued to plaintiffs so as begin the running of the four year statute. The Supreme Court in *Malley–Duff*, 483 U.S. at 156–57, 107 S.Ct. at 2767, explicitly declined to reach that question. However, other courts have provided essentially three different rules.

The most common among the circuits is the "discovery" rule. *See, e.g., Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir.1987); *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1256 (5th Cir.1986); *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir.1985), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986); *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984). This rule provides that a civil RICO claim accrues when a plaintiff knows or should know of plaintiff's injury that underlies the action.

Another approach is termed the "last injury" rule or the "Clayton Act" rule. *See, e.g., Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102–05 (2d Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989). This rule provides that each time a plaintiff suffers an injury caused by a predicate act, a new cause of action accrues as to that injury when the plaintiff knows or should know of that injury. This rule's analysis is seductive because it flows from the Clayton Act which is the source for the four year statute of limitations. As with the discovery rule, the last injury rule focuses exclusively on the discovery of injury.

A final approach, the "last predicate act" rule, was adopted by the Third Circuit. *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125 (3d Cir.1988). Under this rule, a RICO claim accrues after the occurrence of the last predicate act in the pattern of racketeering. Thus, the statute of limitations begins to run from the date plaintiff knew or should have known that the elements of a civil RICO cause of action exist. The clock is reset, however, if there is another predicate act within ten years of a previous predicate act and which is part of the same racketeering pattern.

[T]he limitations period for a civil RICO claim runs from the date the plaintiff knew or should have known that the elements of the civil RICO cause of action existed unless, as a part of the same pattern of racketeering activity, there is

further injury to the plaintiff or further predicate acts occur, in which case the accrual period shall run from the time when the plaintiff knew or should have known of the last injury or the last predicate act which is part of the same pattern of racketeering activity. The last predicate act need not have resulted in injury to the plaintiff but must be part of the same pattern. If the complaint was filed within four years of the last injury or last predicate act, the plaintiff may recover for injuries caused by other predicate acts which occurred outside an earlier limitations period but which are part of the same 'pattern.'

*Keystone Ins. Co.,* 863 F.2d at 1130

■ Neither this District nor the Tenth Circuit have determined which rule applies. Defendants argue that I should adopt either the discovery rule or the last injury rule. Plaintiffs contend that both of those rules are inappropriate given the nature and elements of RICO actions and argue that I should adopt the last predicate act rule.

Although the weight of authority favors the discovery rule, the rationale behind the last predicate act rule is persuasive. I adopt a modified version of this rule that strikes a balance between liberal construction of the RICO act, *see Sedima, SPRL v. Imrex, Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and the sound premise that a statute of limitations should begin to run when a plaintiff knows or should know of the existence of the elements of the claim, not just the injury. *See Alexander v. Perkin Elmer Corp.,* 729 F.2d 576, 577–78 (8th Cir.1984) (claim accrued when plaintiff "knew of the pattern"). I hold that a RICO claim accrues for the purpose of the four year statute of limitations when a plaintiff knows or should know of the existence of all the elements of the claim. Of course, a plaintiff need not know that the elements comprise a RICO claim, only that the elements exist.

The elements of a RICO claim are: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering· activity (5) causing injury to plaintiff's business or property. *Sedima, SPRL,* 473 U.S. at 496, 105 S.Ct. at 3285; *Weiszmann v. Kirkland and Ellis,* 732 F.Supp. 1540 (D.Colo.1990) (Babcock, J.). The issue here is knowledge of pattern. *H.J. Inc. Northwestern Bell,* —— U.S. ——, ——–——, 109 S.Ct. 2893, 2900–02, 106 L.Ed.2d 195, 208–09 (1989).

To show knowledge of pattern a defendant must establish when a plaintiff knew or should have known of the predicate acts which give rise to a civil RICO claim. This reasonably follows because a plaintiff may have been injured by a predicate act before a *pattern* of predicate acts develops. If no pattern, a plaintiff would have no RICO claim and the statute of limitations would not begin to run. Pattern is as integral an element of a RICO claim as is injury. The injury/discovery rules emphasize injury to the exclusion of pattern. Both, however, are essential to state a RICO claim and thus, both must be considered to determine when a RICO claim accrues.

The rule I adopt closely follows that of *Keystone Ins. Co.,* except that once the claim accrues, a plaintiff must bring an action in four years. A subsequent violation, beyond the four year time period, will not resurrect a RICO cause of action for the previous violations even if in the same pattern of racketeering activity and even if a plaintiff is thereby injured. The rule is liberal in that a defendant must show that a plaintiff knew or should have known of the existence of each element of the RICO claim, not simply injury. On the other hand, the rule is consistent with the underlying purpose of a statute of limitation because it promotes certainty and does not encourage a plaintiff to sleep on an accrued right to bring an action. Consequently, under the rule adopted here, a subsequent predicate act after expiration of the statute of limitations will not save a slothful claimant by reviving the claim.

Plaintiffs allege that defendants mailed fraudulent projection to plaintiffs between 1978 and 1982. The Boulder Venture mailing was the last predicate act alleged to have injured plaintiffs. That act allegedly occurred in 1982. The 1985 Kline Venture projection mailing was the last alleged

predicate act. Defendants argue that plaintiffs knew or should have known of their injuries and the pattern no later than 1983, when plaintiffs did or could ascertain that the actual performance of the Boulder Venture fell short of the projection. Assuming that plaintiffs knew or should have known of the existence of the RICO elements in 1983, the RICO claim would be barred by the statute of limitations under the rule I adopt here. Plaintiffs could not then resurrect their RICO claim by including the more recent Kline Venture in their list of predicate acts because their RICO claim would have accrued more than four years before plaintiffs brought this suit.

■ The issue is when the plaintiffs knew or should have known of the elements. Defendants' briefs and affidavits, however, address only when plaintiffs knew or should have known of their injury. Thus, even assuming that defendants have established that the plaintiffs did or should have discovered their injuries more than four years before filing the complaint, material questions of fact remain as to when plaintiffs knew or should have known of the RICO elements, including a pattern of predicate acts. Summary judgement is therefore inappropriate on the showing made here.

Accordingly, it is ORDERED that

Defendants' Motion to Dismiss for Failure to Plead RICO and COCCA Fraud with Sufficient Particularity is DENIED.

It is FURTHER ORDERED that

Defendants' Motion to Dismiss or, in the Alternative, for Partial Summary Judgment is DENIED.