**COAL–MAC, INC., et al., Plaintiffs,**

v.

**JRM COAL COMPANY, INC., et al., Defendants.**

Civ. A. No. 86–154.

United States District Court,
E.D. Kentucky,
Pikeville Division.

July 24, 1990.

Will T. Scott and John Doug Hays, Stratton, May & Hays, Pikeville, Ky., for plaintiffs.

Hermaw W. Lester, Pikeville, Ky., for plaintiff, Raymond Pete Barker.

Bernard Pafunda, Pikeville, Ky., for defendant, JMR Coal Co., Inc. and Edgar Jones.

Teddy Kinney, McDowell, Ky., pro se.

David O. Williamson and John G. Rocovich, Jr., Gardner, Moss & Rocovick, P.C., Roanoke, Va., and S. Howes Johnson, Johnson, Johnson & Phillips, Paintsville, Ky., for defendant, German Stumbo.

Van B. Patton, Mt. Pleasant, Tex., pro se.

Mose Meade, Gray, Ky., pro se.

Kenneth Rowland, Atlanta, Ga., pro se.

MEMORANDUM OPINION
AND ORDER

HOOD, District Judge.

Defendant Edgar Jones [Jones] has moved the court to dismiss the complaint against him on the grounds that it was not filed within the applicable statute of limitations period and that the plaintiffs have not charged him with any pattern of racketeering activities to support a claim under the Racketeer Influenced and Corrupt Orga-

nizations Act [RICO], 18 U.S.C. § 1962(c). [Record No. 71]. Jones has also moved for oral argument on this motion. [Record No. 73]. However, the matter has been sufficiently briefed by the parties to make oral argument unnecessary.

Jones argues that the plaintiffs' RICO claim is untimely, asserting that it was filed outside the four-year statute of limitations period established in *Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). Despite the defendant's assertion that the complaint involves only an alleged conspiracy through 1982, the plaintiffs point out that their amended complaint alleges a continuing scheme extending through June 6, 1983. [Record No. 85]. The complaint herein was filed June 9, 1986.

■ The parties have briefed this as a relatively routine matter. However, accrual of the statute of limitations period under RICO is a hotly contested question among the federal courts and one which will most likely have to be resolved by the United States Supreme Court. The Court specifically left this issue open in *Agency Holding.* Similarly, the United States Court of Appeals for the Sixth Circuit has no guiding decision on the matter. Through various federal court decisions in recent years, three basic theories of statute of limitations accrual under RICO have evolved.

A court of this district adopted, without elaboration, the "discovery" rule. *MHC v. International Union, United Mine Workers of America,* 685 F.Supp. 1370, 1390 (E.D.Ky.1988). This rule presently prevails among the circuit courts. *See, e.g., Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 220 (4th Cir. 1987); *La Porte Construction Co. v. Bayshore Nat'l Bank,* 805 F.2d 1254, 1256 (5th Cir.1986); *Bowling v. Founders Title Co.,* 773 F.2d 1175, 1178 (11th Cir.1985), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986); *Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir.1984). Under this rule, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action". *MHC,* 685 F.Supp. at 1390 (citing *Compton*).

The difficulty in applying the "discovery" rule to this case involves the issue of what facts relating to the "injury" must have been discovered. The second accrual theory, the "last injury" rule, eliminates this question by relying exclusively on the date the plaintiff discovered the actual result of the overt act. *Banker's Trust Co. v. Rhoades,* 859 F.2d 1096, 1102–1105 (2nd Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989). In this instance, the last "injury" alleged in the complaint occurred in February, 1982. Accordingly, the complaint would not have been brought within the four-year limitation period.

The significance of the "last injury" rule is that it follows the method of accrual developed under the Clayton Act, from which the four-year RICO statute of limitations is borrowed. This method, however, fails to take into account the "pattern" requirement under RICO and the two requisite predicate acts. The third method, the "last predicate act" rule, accommodates this concern by allowing later predicate acts to resurrect prior acts which may have been barred by the statute of limitations. *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1130–32 (3rd Cir.1988).

More important to this case is that the *Keystone* court required that the plaintiff be aware of all of the elements of a RICO claim before the limitations period accrued. *Keystone,* 863 F.2d at 1130. "Conceptually, there is no requisite RICO 'injury' until the damage impacting the plaintiff becomes part of racketeering activity. Prior to that point there is no *RICO* injury...." *Keystone,* 863 F.2d at 1131 (emphasis in original).

This rule is designed to mitigate against the strict application of the other rules in situations where the "pattern" of predicate acts may extend over a long period of time. It defines the term "injury" consistent with the particular requirements of the RICO statute. The problem with the *Keystone* method is that it never puts old claims to a final rest.

Consistent with the majority, this court finds the "discovery" rule to be, in general, the better reasoned rule. However, it is the definition of "injury" in *Keystone* which best describes the beginning point of "discovery". The district court in *Indianapolis Hotel v. Aircoa Equity Interest*, 733 F.Supp. 1406 (D.Colo.1990) struck this balance among the rules and the undersigned believes it best settles the matter. In *Indianapolis Hotel*, the court recognized that "a RICO claim accrues ... when a plaintiff knows or should know of the existence of all the elements of the claim." *Id.* at 1409. Contrary to *Keystone*, the court went on to hold that once the limitations period has run, a subsequent act does not resurrect the barred claim.

Although the court posited that its method was a modification of the "last-predicate act" rule, this court believes the theory may be considered a modification of the "discovery" rule: the statute of limitations begins to run when the plaintiff knows or has reason to know of the *RICO* injury which is the basis of his action. This method precludes the inequitable circumstance of barring a complaint where the plaintiff might discover his harm before the facts are sufficient to make him aware that it was a "RICO injury". *Cf. McCool v. Strata Oil Co.*, 724 F.Supp. 1232, 1237 n. 3 (N.D.Ill.1989).

This accrual method is also consistent with the Clayton Act tolling provision for fraudulent concealment of the cause of action by the defendant. *See New York v. Hendrickson Bros.*, 840 F.2d 1065, 1083 (2nd Cir.1989) (discussing the exception).[1] Such a policy is particularly applicable to this case where the defendants' activities were undertaken in secret and were apparently uncovered through a criminal investigation by federal authorities. The rule adopted here encompasses the necessary RICO "pattern" concept, an element which may not be manifested by the act alone. On the other hand, it promotes certainty and diligence by plaintiffs in that the claim is finally barred after the statute of limita-

tions runs. *Indianapolis Hotel*, 733 F.Supp. at 1409.

The mere continuance of a conspiracy beyond the date when the injury occurs does not alone extend the statute of limitations. *Compton*, 732 F.2d at 1432–33. The plaintiffs' reliance on the alleged existence of the conspiracy through the date of indictment in 1983 is, thus, ineffectual. However, the overt acts in this case were accomplished in a secretive fashion. There is no evidence as yet in this record as to when it became known to the plaintiffs that an "enterprise" was involved in the overt acts and that those acts were part of an organized pattern. The return of the indictment in 1983 may well have been the first indication that the plaintiffs were entitled to something other than a simple tort action. The record has not yet been developed on this point. As a result, the motion to dismiss on statute of limitations grounds must be denied at this juncture.

Although successful on the accrual of the statute of limitations period at this time, the court notes that the plaintiffs' other arguments in this regard were not meritorious. Despite any reliance on *Silverberg v. Thomson McKinnon Securities, Inc.*, 787 F.2d 1079 (6th Cir.1986), a panel of the Sixth Circuit correctly held that the four-year statute of limitations applies retroactively because the *Agency Holding* decision did not overrule "clear past precedent". *Lund v. Shearson–Lehman–American Express, Inc.*, 852 F.2d 182, 184 (6th Cir.1988).

The plaintiffs also argued that the tolling provision for criminal prosecutions in the Clayton Act, 15 U.S.C. § 16, should be borrowed for application in RICO cases. Assuming, without deciding, that their assertion is correct, it is this court's opinion that the "pendency" of the government's prosecution ends as of the trial court judgment. *Marine Firemen's Union v. Owens-Corning Fiberglas Corp.*, 503 F.2d 246, 249 (9th Cir.1974). The antitrust tolling provision

---

1. The Clayton Act tolling provision is referenced here only by analogy. It is not intended as a finding that the antitrust tolling for fraudulent concealment and its standards are specifically applicable to the limitations period under RICO.

allows private actions to be filed within one year after the government's case is no longer pending. The plaintiffs filed the complaint herein later than a year after the trial court judgment.

The second ground for dismissal raised by Jones is that the complaint fails to charge him with any racketeering activities or with any such "pattern" of activity. The complaint has previously been reviewed in this regard as to defendant JRM Coal. It was held that the requisite RICO elements were sufficiently alleged in the complaint. [Record No. 83]. This conclusion is equally applicable to Jones. He was president of JRM Coal at the time of the alleged conspiracy and is said to have acted against the plaintiffs in that capacity. The defendant is clearly connected in the complaint and amended complaint to organizing and directing overt acts of the conspiracy, including blowing up an auger, sniper fire, and burning a coal tipple. The RICO overt acts and pattern requirements are, thus, satisfied on the face of the complaint. Accordingly,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) that defendant Edgar Jones' motion for oral argument on the motion to dismiss be, and the same hereby is, DENIED.

(2) that Jones' motion to dismiss be, and the same hereby is, DENIED.