**Theodore F. DeMURO and Linda DeMuro, Plaintiffs,**

v.

**E.F. HUTTON, Defendant.**

**No. 85 Civ. 7097(WK).**

United States District Court,
S.D. New York.

May 13, 1986.

Christopher Lovell, P.C., New York City, for plaintiffs.

Patrick B. Northup, Schlam Stone & Dolan, New York City, for defendant.

### MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

In a Memorandum and Order of January 13, 1986 we dismissed the RICO portion of the above captioned complaint, 18 U.S.C. § 1962(a), "without prejudice to plaintiff to plead, within twenty days, a set of facts which will realistically establish that plaintiffs were injured by Hutton's investment of racketeering proceeds in its Red Bank, New Jersey office." (Familiarity with that opinion is assumed.) Plaintiffs amended their complaint accordingly and defendant again moved to dismiss, claiming that plaintiffs' allegations fell short of the requirements of 18 U.S.C. § 1962(a). We agree, and dismiss the RICO cause of action.

Plaintiffs contend, *inter alia*, that Hutton's investment of racketeering proceeds in its Red Bank, New Jersey office proximately caused their injury in two ways. First, the money allegedly earned through racketeering activities was used to pay the commissions of the Hutton brokers who mismanaged plaintiffs' account, thereby creating the incentive for, and rewarding successful completion of the fraud. Second, the racketeering proceeds financed Hutton's general office expenses, thereby permitting the continued defrauding of plaintiffs.

These allegations have not changed in any significant way since we dismissed the original complaint in this action. The problem was, and continues to be, that plaintiffs have not and can not allege how the investment of racketeering proceeds in the Red Bank, New Jersey office of E.F. Hutton proximately caused their injury. The contention that paying brokers' commissions and financing the operation of an office is sufficient to state a cause of action under 18 U.S.C. § 1962(a) would turn every churning case into a RICO case. Since

plaintiffs have cited no case law in support of this novel position, and since we believe that it would involve a vast and unwarranted extension of the boundaries of civil RICO, we grant the motion and dismiss the RICO cause of action with prejudice.

SO ORDERED.