Guy **GRIDER**, Plaintiff–Appellant,

v.

**TEXAS OIL & GAS CORP.**, a Delaware corporation, TXO Production Corp., a Delaware corporation, Ratliff Exploration Company, an Oklahoma corporation, Ratliff Drilling Company, an Oklahoma corporation, Diversified Oil and Gas Exploration, Inc., an Oklahoma corporation, Diversified Well Servicing Corporation, Barton W. Ratliff, and Jim D. Brewer, Defendants–Appellees.

No. 87–1671.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1989.

As Amended on Denial of Rehearing and Rehearing En Banc March 21, 1989.

Wayne Campbell and Allen Campbell of Merson & Campbell, Oklahoma City, Okl., on the brief for defendants-appellees Diversified Oil & Gas Exploration, Inc., Diversified Well Servicing Corp. and Jim D. Brewer.

G. Robert Blakey (F. Kelly Smith and Greg A. Walker with him, on the briefs) of McGuire, Cornwell & Blakey, P.C., Denver, Colo., for plaintiff-appellant.

Robert D. Nelon (Babette Patton with him, on the brief) of Andrews Davis Legg Bixler Milsten & Murrah, Oklahoma City, Okl., for defendants-appellees Texas Oil & Gas Corp. and TXO Production Corp.

Eric S. Eissenstat (Robert D. Baron and Barbara G. Bowersox with him, on the brief) of Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Okl., for defendants-appellees Ratliff Exploration Co., Ratliff Drilling Co., and Barton W. Ratliff.

Before SEYMOUR, ANDERSON and BRORBY, Circuit Judges.

SEYMOUR, Circuit Judge.

Guy Grider brought this action for damages allegedly resulting from violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (1982) (RICO). The district court granted defendants' motion to dismiss for failure to state a claim, concluding that Grider had not alleged the requisite injury under the substantive RICO provisions and therefore had no standing to assert a civil damage claim. The court also held that the RICO conspiracy claims based on those substantive violations must be dismissed as well. Grider appeals and we affirm.[1]

### I.

▪ Upon review of the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, "this court must take the allegations of the complaint at face value and must construe them most favorably to the pleader." *Huxall v. First State Bank,* 842 F.2d 249, 250–51 (10th Cir.1988). The grant of such a motion is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Viewed in this light, the complaint reveals that Grider, a working interest holder in a group of oil and gas wells, asserts that defendants, the well operators, engaged in two interrelated schemes to defraud in connection with the operation of the wells. In particular, Grider alleges that in one scheme certain of defendants reduced his revenues by illegally venting natural gas, stole natural gas from the wells for drilling operations, sold gas without paying him the appropriate revenue, unlawfully fixed prices, double-billed him, and mishandled an escrow account to his detriment. Grider alleges that in the second scheme various defendants breached their fiduciary duty to him, conspired to fix prices, failed to pass on his share of rebates and discounts, mishandled an escrow account, double-billed him, billed him for non-existent goods and services, and withheld his share of production revenues. Grider asserted that the acts in both schemes involved use of the mails in violation of the federal mail fraud

---

1. In addition, Grider alleged federal antitrust violations and numerous pendent state law claims, which the district court also dismissed. Grider does not contend on appeal that the court erred in dismissing the antitrust claims, nor does he argue that the court abused its discretion in dismissing the pendent claims. The defendants named only in the antitrust and state claims assert that Grider has abandoned those claims. In response, Grider contends that, should we decide to reinstate the RICO claims, he has not waived his right to pursue the state claims against these defendants under principles of pendent party jurisdiction. In view of our decision to affirm the district court, we need not address this issue.

statute. *See* 18 U.S.C. § 1341 (1982). Grider also alleges that defendants participating in each scheme conspired with each other, other defendants, and others unknown to carry out these activities.

Grider asserts two claims for relief under RICO section 1962(a) corresponding to the two fraudulent schemes described above, alleging in the language of the statute that named defendants

> "used and invested, directly or indirectly, part of the income or the proceeds of the income, in the acquisition of an interest in or the establishment or operation of the enterprise, which income had been derived, directly or indirectly, from a pattern of activity within the meaning of 18 U.S.C. §§ 1961(1)(B) and (5) and 1962(a), namely, multiple instances of mail fraud in violation of 18 U.S.C. § 1341."

Rec., vol. I, doc. 1, at 34, 35. In addition, Grider asserts two claims under section 1962(d), alleging conspiracies to commit the two substantive violations.

In granting their motion to dismiss, the district court agreed with defendants that Grider's complaint failed to satisfy section 1964(c), which provides a civil damage remedy to "[a]ny person injured in his business or property by reason of a violation of section 1962." The district court concluded that a violation of section 1962(a) occurs through the use or investment of racketeering income, and that Grider, although alleging injury from the racketeering acts themselves, had not alleged any facts showing injury from the use or investment of the income derived from the racketeering acts. On appeal, Grider contends that a plaintiff asserting a civil claim for damages based on a section 1962(a) violation need not show injury from the use or investment of racketeering income if he can show injury from the racketeering activity itself.

## II.

■ In determining the scope of RICO, "we look first to its language. If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983) (quoting *U.S. v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981)).

Section 1962(a) states in pertinent part:

> "(a) *It shall be unlawful for any person* who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... *to use or invest,* directly or indirectly, *any part of such income,* or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

18 U.S.C. § 1962(a) (emphasis added). Significantly, the statute does not state that it is unlawful to *receive* racketeering income; rather, as the italicized language underscores, the statute prohibits a person who *has received* such income *from using or investing it* in the proscribed manner. As previously noted, section 1964(c) provides a civil damage remedy only to those persons injured "by reason of a violation of section 1962." It thus appears from the plain language of these two provisions that a plaintiff seeking civil damages for a violation of section 1962(a) must plead facts tending to show that he was injured by the use or investment of racketeering income. Injury from the racketeering acts themselves is not sufficient because section 1962(a) does not prohibit those acts.

■ Although numerous district court decisions have addressed this issue, we have found no reported circuit court opinion on point. The majority of district courts considering standing to assert a section 1962(a) violation have agreed with this interpretation and have required a plaintiff to show injury from the use or investment of racketeering income. *See, e.g., Leonard v. Shearson Lehman/American Express, Inc.,* 687 F.Supp. 177, 181 (E.D.Pa.1988); *In re Rexplore, Inc. Sec. Litig.,* 685 F.Supp. 1132, 1141–42 (N.D.Cal.1988); *P.M.F. Services v. Grady,* 681 F.Supp. 549, 555–56 (N.D.Ill.1988); *Omega Constr. Co.*

*v. Altman,* 667 F.Supp. 453, 465 (W.D. Mich.1987); *Airlines Reporting Corp. v. Barry,* 666 F.Supp. 1311, 1314–15 (D.Minn. 1987); *DeMuro v. E.F. Hutton,* 662 F.Supp. 308 (S.D.N.Y.1986); *Cincinnati Gas & Elec. Co. v. General Elec. Co.,* 656 F.Supp. 49, 83–84 (S.D.Ohio 1986).

Some of the courts concluding that injury from racketeering activity alone is sufficient to support a section 1962(a) civil damage claim base their decisions primarily upon language in *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495–97, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985). *See, e.g., In re National Mort. Equity Corp. Mort. Pool Certif. Sec. Litig.,* 682 F.Supp. 1073, 1081–82 (C.D.Cal.1987); *Smith v. MCI Telecommunications Corp.,* 678 F.Supp. 823, 828–29 (D.Kan.1987). The *Sedima* opinion does not justify the conclusion that injury from racketeering activity alone is enough to create standing under section 1962(a). The Court there was considering a claim based on section 1962(c), which differs significantly from section 1962(a) in that it specifically prohibits the conduct of an "enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. § 1962(c), thus making unlawful the racketeering activity itself. Indeed, in holding that the plaintiff in *Sedima* had standing to assert a section 1962(c) claim upon showing an injury from racketeering activity, the Court cautioned that "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." 473 U.S. at 496, 105 S.Ct. at 3286; *see also Cullom v. Hibernia Nat'l Bank,* 859 F.2d 1211, 1214–15 (5th Cir.1988) (discussing standing under section 1964(c) in light of *Sedima* ).

Some courts, as a matter of policy, allow a plaintiff to recover under section 1962(a) upon a showing of injury from racketeering activity, emphasizing that RICO is to be broadly construed. *See, e.g., Smith,* 678 F.Supp. at 828. However, the general principle that RICO is to be accorded a liberal interpretation cannot justify expanding section 1962(a) beyond the limits of that subsection's own language. *See Haroco v. American Nat'l Bank & Trust Co.,* 747 F.2d 384, 400 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985)); *Schofield v. First Commodity Corp.,* 793 F.2d 28, 30 (1st Cir.1986); *P.M.F. Services,* 681 F.Supp. at 555.

Finally, courts have expressed concern that some corporate defendants will be beyond the reach of RICO unless a plaintiff may assert injury from racketeering activity under section 1962(a), because corporations generally cannot be both the person and the enterprise under section 1962(c).[2] *See, e.g., Smith,* 678 F.Supp. at 829; *Louisiana Power & Light v. United Gas Pipe Line,* 642 F.Supp. 781, 806–07 (E.D.La. 1986). However, "using the proceeds of racketeering activities to infiltrate legitimate businesses can obviously cause damage to many persons, who would have a perfect right to sue." *Gilbert v. Prudential–Bache Sec. Inc.,* 643 F.Supp. 107, 111 (E.D.Pa.1986). Moreover, "if neither section 1962(a) nor section 1962(c) cover all methods of corporate wrongdoing, it is up to Congress, and not the courts, to expand the scope of the statute." *Schofield,* 793 F.2d at 31 n. 2.

In sum, we find no justification for disregarding the clear language of either section 1962(a), which prohibits the use or investment of income from racketeering activity, or section 1964(c), which requires

---

**2.** Section 1962(c) states:

"(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

18 U.S.C. § 1962(c). The courts generally agree that the language of this section does not permit

the person who conducts the affairs of an enterprise through racketeering activity to be one and the same as that enterprise. *See, e.g., Garbade v. Great Divide Mining & Milling Corp.,* 831 F.2d 212, 213 (10th Cir.1987); *Schreiber Distrib. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1396 (9th Cir.1986); *Morgan v. Bank of Waukegan,* 804 F.2d 970, 977 (7th Cir.1986). Under this construction, a corporation that conducts its own affairs through racketeering activity is not within the ambit of section 1962(c).

injury by reason of such a violation. Accordingly, we hold that, because Grider has failed to allege any facts showing injury from the use or investment of racketeering income, he has no standing to assert a claim for damages based on a violation of section 1962(a). We likewise conclude that Grider has no standing to assert a claim for damages based on the alleged conspiracies to violate section 1962(a). Because he has not alleged injury from the substantive violations, he has failed to show how the alleged conspiracy to commit those violations caused him injury. *Cf. Torwest DBC, Inc. v. Dick,* 810 F.2d 925, 927 n. 2 (10th Cir. 1987).

The judgment of the district court is affirmed.