**Ronald D. COVELL, Plaintiff,**

v.

**PHOTO IMAGES, INC.,
et al., Defendants.**

Civ. A. No. 90–2189–V.

United States District Court,
D. Kansas.

June 11, 1991.

Kent A. Coxe, David M. Harding, Van Osdol, Magruder, Erickson & Redmond, Kansas City, Mo., for plaintiff.

Michael H. Berman, Berman & Singer, P.A., Pairie Village, Kan., Richard J. Rome, Hutchinson, Kan., R. Todd Wilhelmus, Steven M. Leigh, Martin, Leigh & Laws, Kansas City, Mo., John C. Frieden, Frieden, Haynes & Forbes, Topeka, Kan., Lee Levinson, Tulsa, Okl., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss (Doc. 31), pursuant to Fed.R.Civ.P. 12(b)(6) for failure of plaintiff's complaint to state a claim upon which relief can be granted. Plaintiff has responded and opposes the motion. For the reasons stated below, defendant FDIC's motion is granted.

## I. FACTUAL BACKGROUND

Boulevard Bank of Wichita, Kansas, (the "Bank") is a defendant in this case. On February 5, 1987, the FDIC was appointed as receiver of the Bank and has been substituted as a defendant to this action. Plaintiff's claims for breach of contract, restitution, fraud, and violation of federal securities law are predicated upon an alleged agreement between plaintiff and defendants Gary Dinges, B.A. Kreutzer, Jr., Boulevard State Bank, and Photo Images, Inc. At all times relevant to this case, defendant Kreutzer was a vice-president of Boulevard State Bank. In addition, defendants Dinges and Kreutzer were both shareholders of defendant Photo Images, Inc.

Plaintiff alleges that on June 18, 1986, the above-mentioned parties entered into an oral agreement whereby plaintiff would loan defendant Dinges $175,000 for the purposes of reducing Dinges' debt to the Bank. In return, defendants would repay the $175,000 with 10% interest to plaintiff. In addition, the defendant Bank and another unidentified bank would together loan $1,000,000 to defendant Photo Images, Inc.[1] Photo Images, Inc., would then advance to plaintiff $500,000 from the funds it received from the Bank. Plaintiff was to also receive $225,000 worth of stock issued by Photo Images, Inc.

On June 18, 1986, plaintiff drafted and tendered a check in the amount of $175,000 jointly payable to defendants Dinges and Boulevard Bank. On that same date, the check was jointly endorsed by Dinges and by Kreutzer, in his capacity as Executive Vice President of the Bank. In Count I of his complaint, plaintiff alleges that defendants failed to advance plaintiff the sum of $500,000, failed to repay the loan amount of $175,000 plus interest, and failed to is-

---

1. Plaintiff later alleges that the amount to be loaned by the defendant Bank was $300,000.

sue stock in Photo Images, Inc., to plaintiff.

## II. STANDARDS FOR MOTION TO DISMISS

We may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

The FDIC argues that the claims asserted by plaintiff are predicated upon the existence of an alleged oral or secret side agreement, and therefore do not state valid theories of recovery against the FDIC under the *D'Oench, Duhme* doctrine and 12 U.S.C. §§ 1821(d)(9) and 1823(e).

### (1) *The D'Oench, Duhme Doctrine*

■ In *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), the FDIC sued D'Oench, Duhme & Co. ("D'Oench") for payment on a demand note. D'Oench had given the note to the Bank to make sure that the State Bank Examiners did not discover, and that the Bank's records would not reflect, that the bonds which D'Oench had sold the Bank were in default. The FDIC acquired the note from the Bank as part of the collateral securing a loan made by the FDIC to the Bank. The original receipt for the note stated that "[t]his note is given with the understanding that it will not be called for payment." The FDIC had no knowledge of the existence of the receipt and its contents until it demanded payment of the note. D'Oench attempted to defend against suit for repayment on the basis of the unrecorded agreement that the note would not be called for payment and on the grounds that the note was not supported by consideration.

The Supreme Court stated that the purpose of the Federal Reserve Act was to protect the FDIC against misrepresentations as to the securities or assets of banks which the FDIC insures or to which the FDIC makes loans. The court then held that this federal protection policy barred D'Oench's defenses to the fraudulent note. Moreover, analogizing to banking laws, the court held that the fact that D'Oench did not intend to deceive the FDIC was irrelevant:

> 'The defendant may not have intended to deceive any person, but when [it] executed and delivered to the plaintiff bank an instrument in the form of a note, [it] was chargeable with knowledge that, for the accommodation of the bank, [it] was aiding the bank to conceal the actual transaction. Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced.' [ . . . ] Plainly one who gives such a note to a bank with a secret agreement that it will not be enforced must be presumed to know that it will conceal the truth from the vigilant eyes of the bank examiners.

315 U.S. at 459, 460, 62 S.Ct. at 680, 680 (citation omitted).

Furthermore, the fact that the FDIC may not have been deceived or specifically injured by the fraud was also held to be irrelevant:

> The test is whether the note was designed to deceive the creditors or the public authority, or would tend to have that effect. It would be sufficient in this type of case that the maker lent himself

to a scheme or arrangement whereby the banking authority on which [the FDIC] relied in insuring the bank was or was likely to be misled.

*Id.* at 460, 62 S.Ct. at 681.

■ Thus, the four elements that are needed before *D'Oench* applies are: "(1) the FDIC must be the party against whom the claim or defense is asserted, and (2) the party asserting the claim or defense must have lent himself (3) to a secret agreement (4) that deceived or would tend to deceive the FDIC." *FDIC v. Vestring,* 620 F.Supp. 1271, 1273 (D.Kan.1985) (citation omitted).

In addition, 12 U.S.C. § 1823(e) provides a basis for barring claims against the FDIC which are based on secret, unrecorded agreements. Section 1823(e) states in part that:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it ... as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—(1) is in writing, (2) was executed ... contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.

In this case, unlike *D'Oench,* the FDIC is a defendant and the oral agreement being asserted serves as an affirmative basis for plaintiff's cause of action rather than serving as a defense to a claim made by the FDIC. However, as indicated by *Vestring,* supra, the *D'Oench, Duhme* doctrine has also been applied to bar affirmative claims against the FDIC, as receiver of a defunct bank, when the claims are founded on unwritten side agreements between the plaintiff note maker and the defunct payee bank. *See, e.g., FDIC v. Kasal,* 913 F.2d

487 (8th Cir.1990) (holding that accommodation note makers who were precluded in action brought by the FDIC as receiver of a defunct payee bank from asserting that their liability was excused under unwritten side agreements, were likewise precluded, pursuant to 12 U.S.C. § 1823(e), from asserting counterclaims against the FDIC based upon these agreements).

In a similar manner, 12 U.S.C. § 1821(d)(9) clarifies the section 1823(e) now applies defensively along with *D'Oench* to preclude claims against the FDIC as receiver where an agreement does not meet the requirements of section 1823(e), as set forth above.[2] Thus, the fact that the FDIC is a defendant in this case does not prevent either the *D'Oench, Duhme* doctrine or section 1823(e) from being applied to plaintiff's claims against the FDIC.

### (2) *Bilateral Obligations*

■ Plaintiff cites *Howell v. Continental Credit Corp.,* 655 F.2d 743 (7th Cir. 1981), to assert that the *D'Oench, Duhme* doctrine and section 1823(e) do not apply to this case since the oral agreement which serves as the basis for plaintiff's claims against the FDIC imposes bilateral obligations upon the parties involved.

In *Howell,* the court held that the *D'Oench, Duhme* doctrine and section 1823(e) did not apply to FDIC's attempt to enforce a lease "which facially manifests *bilateral* obligations and serves as the basis of the lessee's defense." 655 F.2d at 746 (emphasis in the original). However, the court's decision appears to turn on whether the FDIC had actual notice of the obligations:

This is not a case such as *D'Oench* and its progeny where the maker's defense depended solely upon a secret or unrecorded agreement, usually oral, of which the FDIC could have had no notice. The defense appellant posits here arises directly and explicitly from the provisions

---

**2.** Section 1821(d)(9)(A) provides that "any agreement which does not meet the requirements set forth in section [1823(e)] shall not form the basis of, or substantially comprise, a claim against the receiver or the Corporation [the FDIC]. Subsection B provides an exception to this rule which is not applicable to this case.

of the leases which were in the bank's files and which the FDIC now seeks to enforce.

.    .    .    .    .

'When, however, the asset upon which the FDIC is attempting to recover is *the very same agreement* [as opposed to a separate, secret, unrecorded agreement] that the makers allege has been breached by the FDIC's assignors, § 1823(e) does not apply. None of the policies that favor invocation of this statute are present in such cases because the terms of the agreement that tend to diminish the rights of the FDIC appear in writing on the face of the agreement that the FDIC seeks to enforce.'

*Id.* at 747 (emphasis in original) (citation omitted).

In this case, the agreement on which plaintiff relies was an oral agreement. There are no allegations that the agreement was ever written down or that the FDIC ever had notice of the agreement prior to plaintiff bringing this suit. Thus, we find that the fact that the agreement may have imposed bilateral obligations is irrelevant and does not prevent sections 1823(e) and 1821(d)(9)(A) from barring plaintiff's cause of action since the FDIC had no notice of the agreement.

(3) *Fraud in the Factum*

■ Plaintiff next contends that the oral agreement is void from its inception as a result of fraud on the part of the defendants and that this prevents the application of *D'Oench* and section 1823(e) to defeat plaintiff's claims. The courts have found that fraud in the factum is an appropriate defense to section 1823(e) and the *D'Oench, Duhme* doctrine. *See, e.g., Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). Plaintiff defines fraud in the factum as "excusable ignorance of the contents of the writing signed." *See also Langley,* at 93, 108 S.Ct. at 402 (fraud in the factum is "the sort of fraud that procures a party's signature to an instrument without knowledge of its true nature or contents").

Plaintiff argues that if he had known that the Bank would not advance a certain sum of money to Photo Images, Inc., and that the defendants never intended to repay plaintiff, then he would not have signed the check which was made out to Dinges and the Bank. Under these facts, the court finds that plaintiff has alleged fraudulent inducement and not fraud in the factum. Furthermore, under *Langley,* fraud in the inducement is not relevant to the application of section 1823(e). *Id.* Therefore, we conclude that plaintiff's allegations of fraud do not prevent the application of the *D'Oench, Duhme* doctrine and section 1823(e) to this case.

(4) *Diminishing of FDIC's Interest*

■ Plaintiff's final argument is that the oral agreement on which plaintiff relies does not diminish or defeat the interest of the FDIC in any asset acquired by it and that therefore *D'Oench* and section 1823(e) do not bar plaintiff's claims.

The FDIC cites *Castleglen, Inc. v. Commonwealth Sav. Ass'n,* 728 F.Supp. 656 (D.Utah 1989), to state that the *D'Oench, Duhme* doctrine "has been expanded to encompass any claim against an insolvent institution that would either diminish the value of the assets held by the FSLIC or *increase the liabilities of the insolvent institution.*" *Id.* at 671 (emphasis added) (citation omitted).

In this case, plaintiff Covell is seeking, in effect, the return of the $175,000 which he loaned to the Bank. If plaintiff is allowed to pursue his claims against the FDIC as receiver of the Bank, this will increase the liabilities of the receivership estate. Thus, we conclude that *D'Oench* and section 1823(e) apply to defeat plaintiff's claims.

(5) *Conclusion*

We find that plaintiff's claims against defendant FDIC are based on an unrecorded, secret agreement which tends to increase the liabilities of the receivership estate. Thus, plaintiff's claims based on this agreement are barred by the *D'Oench, Duhme* doctrine. Similarly, since the agreement does not meet the requirements

of section 1823(e), plaintiff's claims are also barred by section 1821(d)(9)(A). Therefore, plaintiff's claims against the FDIC as receiver of Boulevard State Bank are dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant FDIC's motion to dismiss (Doc. 31) is granted. Defendant FDIC is dismissed from the case.

IT IS SO ORDERED.