**Francesca J. SHOUP, Plaintiff,**

v.

**HIGGINS RENTAL CENTER, INC., Defendant and Third-party Plaintiff,**

v.

**Norma MCCULLOUGH, Third-party Defendant.**

**No. CIV.A. 97–2289–GTV.**

United States District Court, D. Kansas.

Jan. 14, 1998.

R. Douglas Gentile, Evan A. Douthit, Douthit, Frets, Rouse & Gentile, Kansas City, MO, for Francesca J. Shoup.

R. Denise Henning, Richard E. McLeod, The McLeod Law Firm, Kansas City, MO, for Higgins Rental Center, Inc.

Roger W. Warren, Jeffrey A. Kennard, Blackwell, Sanders, Matheny, Weary & Lombardi, LLP, Overland Park, KS, for Norma McCullough.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Francesca Shoup brings this diversity action alleging that she sustained injuries to her fingers because of the negligence of Higgins Rental Center, Inc.. (Higgins) in its rental of an airless paint spray system to her mother, Norma McCullough. Higgins filed a third-party complaint

against McCullough alleging that she agreed to indemnify Higgins for any liability relating to renting the spray system. The case is before the court on McCullough's motion (Doc. 23) to dismiss the third-party complaint under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is granted.

### I. STANDARDS

The court recognizes that it may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### II. FACTUAL BACKGROUND

On February 5, 1997, McCullough rented an airless paint spray system from Higgins. McCullough signed a rental agreement contract that included a clause providing that, "[McCullough] agrees to indemnify and hold harmless [Higgins] against any and all liabilities, including [the] cost of all attorneys fees arising from or growing out of directly or indirectly, all injuries to persons or damages to property, however caused while the equipment is in [McCullough's] possession." [1] Shoup, McCullough's daughter, claims that

---

1. Although Higgins relies on the rental agreement contract indemnity clause in its third-party complaint, a copy of the contract did not accompany the complaint. McCullough, however, attached a copy of the contract to her motion to dismiss. The language, part of which was quoted in the third-party complaint, is not in dispute.

Accordingly, there is no need to convert the instant motion to a Rule 56 motion for summary judgment because the court is not looking to any materials outside the pleadings. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1382 (10th Cir.1997).

she suffered injuries while using the spray system on February 6, 1997.

Shoup filed the instant action against Higgins on June 12, 1997. The complaint alleges that Higgins' negligence caused Shoup's injuries. On October 24, 1997, Higgins filed a third-party complaint against McCullough, alleging that McCullough must indemnify Higgins for any and all liabilities arising out of the injuries alleged in Shoup's complaint. McCullough filed the instant motion to dismiss on December 17, 1997.

## III. ANALYSIS

■ "It is a general rule that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed thereto, and mere general broad and seemingly all-inclusive language in the indemnifying agreement is not sufficient to impose liability for the indemnitee's own negligence."

*Johnson v. Board of County Comm'rs,* 259 Kan. 305, 329, 913 P.2d 119 (1996) (quoting *Butters v. Consolidated Transfer and Warehouse Co.,* 212 Kan. 284, Syl. ¶ 2, 510 P.2d 1269 (1973)). "Contracts for the exemption from liability for negligence are not favored by the law and are strictly construed against the party relying on them." *Id.* Courts interpreting Kansas law have generally held that indemnity provisions equivalent to the instant clause are not clear and unequivocal. *See Kansas City Power & Light Co. v. United Tel. Co.,* 458 F.2d 177, 179–80 (10th Cir. 1972); *Johnson,* 259 Kan. at 329, 913 P.2d 119; *Missouri Pacific R.R. Co. v. City of Topeka,* 213 Kan. 658, 663, 518 P.2d 372 (1974); *Butters,* 212 Kan. at 291, 510 P.2d 1269; *Zenda Grain & Supply Co. v. Farmland Indus.,* 20 Kan.App.2d 728, 734, 894 P.2d 881 (1995).

■ Higgins argues that the general indemnity language is sufficient to encompass Higgins' negligence under *Bartlett v. Davis Corp.,* 219 Kan. 148, 547 P.2d 800 (1976), and *Connolly v. Samuelson,* 671 F.Supp. 1312 (1987). In both *Bartlett* and *Connolly,* however, the intent to encompass negligence is clear because no other meaning could be ascribed to the clause.

In *Bartlett,* the indemnity clause existed in a land lease contract between the land owner and an operator of a sand and gravel pit. *Bartlett,* 219 Kan. at 156, 547 P.2d 800. The indemnity clause contained only general broad language, but the substance of the contract gave the lessee the exclusive right to enter and occupy the premises and the responsibility to fully discharge all of the owner's duties. *Id.*

> Under such an arrangement, [the owner] could become liable for [the lessee's] operations and occupancy of the premises only because of duties devolving upon it as owner of the land and as between the contracting parties, it was [the lessee's] primary responsibility to see to it that such duties were fully discharged.

*Id.* Because no other interpretation was consistent with the lessee's assumption of the owner's duties, the court held that the indemnity clause encompassed the owner's negligence. *Id.*

In *Connolly,* a travel agents' brochure indicated that they acted only as agents for the passenger in arranging travel and contained a clause exculpating them from liability for any injury incurred in travel. *Connolly,* 671 F.Supp. at 1317. The brochure's language limited the agency's duties to arranging the travel. *Id.* The court held that the exculpatory clause was clearly intended to avoid liability for any injury occurring in travel, including any injury caused in part by the agents' failure to advise or warn. *Id.* Any other interpretation would have nullified the brochure's limitation on the agents' duties.

The contract here neither limited Higgins' duties nor provided that McCullough assume responsibility for discharging Higgins' duties. The indemnity clause upon which the third-party complaint is based contains only general broad and all-inclusive language with no specific references to Higgins negligence. The contract does not clearly and unequivocally express an intent that the indemnity clause encompasses Higgins' negligence. Because the third-party complaint asserts only an indemnification claim and Shoup's action claims only negligence, Higgins can prove no set of facts in support of its theory that would entitle it to relief. Accordingly,

the motion to dismiss the third-party complaint is granted.

IT IS, THEREFORE, BY THE COURT ORDERED that third-party defendant's motion (Doc. 23) to dismiss the third-party complaint is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**