SHARED DIAGNOSTIC SERVICES, INC., Plaintiff-Counterclaim Defendant,

v.

Robert A. HENNINGSEN, Elizabeth Henningsen and RH Medical Systems, Inc., Defendant-Counterclaimants,

v.

John P. SGARLAT (2228 Spruce Street, Phila., Pa.); Richard W. Hevner (335 South Seventh Street, Phila., Pa.); Edwin M. Ducat (1012 Bryn Mawr Ave., Phila., Pa.); William Campbell (248 South 23rd Street, Phila., Pa.), and David Joseph, Additional Defendants on the Counterclaim.

Civ. A. No. 83–2381.

United States District Court, E.D. Pennsylvania.

May 16, 1984.

Henry H. Janssen, Philadelphia, Pa., for plaintiff-counterclaim defendant.

John M. Elliott, J. Clayton Undercofler, III, Henry F. Siedzikowski, Philadelphia, Pa., for defendant-counterclaimants.

Charles V. Stoelker, Jr., Philadelphia, Pa., for additional defendants on the counterclaim.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff commenced this action seeking, *inter alia,* damages for defendants' alleged conversion of mobile CATSCAN units owned by plaintiff. Defendants filed five counterclaims, which plaintiff has moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. For the reasons that follow, plaintiff's motion must be granted.

■ The first counterclaim, was brought against plaintiff, Shared Diagnostic Services, Inc. (SDS), under the Racketeer Influenced and Corrupt Organizations Act (RICO). Counterclaimants allege SDS was a RICO "enterprise" and that its affairs were conducted through a pattern of racketeering activity. Counterclaim ¶ 52. However, only "persons" who conduct the affairs of an "enterprise" are subject to civil liability under RICO. While an entity can be a "person" conducting the affairs of a RICO enterprise, and defendants allege SDS was such a person, SDS cannot be forced to wear two hats; it cannot be both the person conducting the affairs, and the jurisdictional granting "enterprise" whose affairs were conducted.[1] *United States v. Computer Sciences Corporation,* 689 F.2d 1181, 1190 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Bennett v. Berg,* 685 F.2d 1053, 1061–62 (8th Cir.1982); *Yancoski v. E.F. Hutton & Company, Inc.,* 581 F.Supp. 88 (E.D.Pa.1983); *Guerrero v. Katzen,* 571 F.Supp. 714, 722 n. 9 (D.D.C.1983); *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125, 1135–36 (D.Mass.1982); Tarlow, *RICO Revisited,* 17 Ga.L.Rev. 291, 344–45 (1983).

While this view is not universally accepted, *see e.g., United States v. Hartley,* 678 F.2d 961 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983) (corporation may be both a "person" and an "enterprise" in *criminal* RICO action where corporation *itself profited* from its officer's fraudulent acts),[2] it is most compelling in situations like that presented *sub judice,* where the corporation is the victim rather than the profiteer. *See Parnes v. Heinold Commodities, Inc.,* 548 F.Supp. 20 (N.D.Ill.1982) (victimized corporation cannot be a defendant under RICO). Furthermore, one court in rejecting the view I have adopted candidly stated it "might be viable where a corporate defendant is involved .... [because] the government remains able to prosecute the culpable individuals...." *United States v. Benny,* 559 F.Supp. 264, 268 (N.D.Cal.1983) (criminal RICO).

The two cases relied upon by defendant, *United States v. Hartley, supra,* and *D'Iorio v. Adonizio,* 554 F.Supp. 222 (M.D. Pa.1982), are not persuasive. While it is true that both held a corporation can simultaneously be an "enterprise" and a "person", both involved situations where the corporation benefited from the predicate

---

1. This follows from a simple reading of the statute. It states "[i]t shall be unlawful for any person ... to conduct ... [an] enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). This wording clearly envisions "persons" and "enterprises". If Congress intended otherwise it could have simply made it illegal for an enterprise to conduct its own affairs through a pattern of racketeering. I am unwilling to give to the words used by Congress the strained interpretation required to conclude an entity can be both a person and an enterprise simultaneously.

2. This appears to be the situation alleged in the complaint against RH Medical Systems, Inc.

acts. *Indeed,* the *D'Iorio* court itself recognized this difference in distinguishing *Parnes v. Heinold Commodities, Inc., supra. D'Iorio v. Adonizio, supra,* at 233.

 If enterprise liability is not necessary to either disgorge illegal profits retained by a corporation, *cf. D'Iorio v. Adonizio, supra,* or to assess liability personally upon the individual actors, *United States v. Benny, supra,* I hold a corporation cannot, at the same time, be both a "person" and an "enterprise" under RICO. For this reason the RICO counterclaim against SDS must be dismissed.

 The first counterclaim must also be dismissed as to the other counterclaim defendants. A counterclaim cannot add additional parties unless it also states a claim against an existing party to the action. 3 Moore's Federal Practice ¶ 13.39 at 13–234. SDS is the only existing party to the action named in the first counterclaim. Therefore, because this counterclaim is dismissed as to SDS it must also be dismissed as to the other counterclaim defendants.

 Like the first counterclaim, the second counterclaim fails to state a claim on which relief can be granted. In essence, the second counterclaim alleges the defendant, Henningsen, converted two SDS scanners to protect his investment in SDS. Even assuming that SDS improperly jeopardized Henningsen's investment, Henningsen would not have the right to convert the scanners for his own use. It is an elementary principle of law that an aggrieved party may not vindicate the wrong done him by breaking the law himself.

 The third counterclaim seeks recovery for an alleged loan from Henningsen to SDS. Because SDS's complaint was brought to recover for the alleged misappropriation of two CATSCAN units, Henningsen's claim for the alleged loan obviously does not arise out of the same transaction or occurrence as that asserted by plaintiff. Therefore, the third counterclaim is a permissive counterclaim over which an independent jurisdictional basis must exist. Wright & Miller, Federal Practice and Procedure: Civil § 1422 at 119 (citations omitted). Henningsen has not stated a federal claim and the complaint shows that SDS and Henningsen are both citizens of Ohio (notwithstanding Henningsen's allegation in the counterclaim that he is a *resident* of Pennsylvania). For these reasons this claim must be dismissed for lack of subject matter jurisdiction.

As a result of my decision on the first counterclaim, the fourth counterclaim must be dismissed because it is directed against a non-party. 3 Moore's Federal Practice ¶ 13.39 at 13–234.

The fifth counterclaim like the third, is a permissive counterclaim lacking an independent jurisdictional basis. Therefore, it must also be dismissed.