**In re The DOW COMPANY "SARA-BOND PRODUCTS" LIABILITY LITIGATION.**

**MDL No. 711.**

United States District Court,
D. Colorado.

July 28, 1987.

Darwin Poyfair, John B. Moorhead, Baker and Hostetler, Denver, Colo., for plaintiffs.

Dean R. Vanatta, Scott F. Sullan, Vanatta & Sullan, Denver, Colo., for Masony Systems Int'l Inc. and U.S. Fidelity Guar.

Walter A. Steele, Michael L. O'Donnell, Sandra L. Spencer, White & Steele, Denver, Colo., Joseph L. Falif, Eric H. Lipsitt, Detroit, Mich., J. Roger Lochhead, The Dow Chemical Co., Midland, Mich., Dale R. Crider, Warren S. Radler, Bruce D. Drucker, Rivkin, Radler, et al., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Dow has filed a motion to consolidate and sever for trial the issue of whether Sarabond is a defective product. Specifically, Dow seeks an order: (1) first transferring all of the cases in this multidistrict litigation to this court pursuant to 28 U.S.C. § 1404(a); then (2) consolidating all of the MDL cases under Fed.R.Civ.P. 42(a); and finally (3) severing, under Rule 42(b) for a separate trial, the allegedly common threshold issue of whether Sarabond is a defective product. For the reasons expressed below, the motion is denied.

As transferee judge under 28 U.S.C. § 1407, I possess the power to effect a § 1404(a) transfer of the multidistrict cases

here for all purposes,[1] rather than remand them to their respective transferor jurisdictions for trial following the completion of pretrial proceedings. *See, e.g., Pfizer, Inc. v. Lord,* 447 F.2d 122, 124–25 (2d Cir.1971); *In re Longhorn Securities Litigation,* 573 F.Supp. 274, 276 (W.D.Okla.1983); *In re Viatron Computer Systems Corporation Litigation,* 86 F.R.D. 431, 432 (D.Mass. 1980); *Manual for Complex Litigation, Second,* § 31.12 n. 8, § 31.122 (1985); Rule 11(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Of course, such a transfer must still satisfy the statutory criteria of § 1404(a). *In re Master Key Antitrust Litigation,* 70 F.R.D. 23, 28 (D.Conn.1975), *appeal dismissed for lack of jurisdiction,* 528 F.2d 5 (2d Cir.1975); *MCL 2d,* § 31.122, at 254. Those requirements are twofold: (1) the transferee court must be one in which the action "might have been brought," and (2) the change of venue can be effected only "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Both requirements are fulfilled here. Dow has alleged proper venue in this judicial district under 28 U.S.C. § 1391(c). Memorandum in Support of Dow Motion to Consolidate and Sever, at 3. Plaintiffs have not controverted this assertion. For the limited purpose of this opinion, I therefore assume this jurisdiction is one in which the action might have been brought under § 1404(a).

Additionally, the strong impetus of judicial economy which propels multidistrict consolidation mandates that "instead of looking to the individual convenience of *each* party and *each* witness, the court must look to the overall convenience of all parties and witnesses." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 333 F.Supp. 299, 304 (S.D. N.Y.1971) (emphasis in original). I recognize the inconvenience attending many of the plaintiffs, who have been coerced to litigate in a forum far from those of their choosing. Such individual inconvenience, however, must bow to the expedited progression accruing to all parties, as well as the court system, through this multidistrict litigation. I voiced this concern at the June 10, 1987 conference:

> I think I am responsible for returning as clean a product as I can to the transferor judges, and to make certain that we are not simply receiving these cases, having discovery, and then sending out for a profusion of litigation, because that is contrary to the intent of multidistrict litigation, as I perceive it.

Transcript of June 10, 1987 conference, at 13–14.

In an effort to achieve this goal, I have continuously struggled to clear the paper cover deposited by the flurry of motions filed in MDL No. 711.[2] Now, however, I conclude that goal would not be served by granting Dow's motion.

This conclusion stems from my consideration of the question of what law would govern a trial on the issue of product defect. That issue is one of state law. Under *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941), the conflict of law rules of Colorado ordinarily would be employed in determining what state's law to apply to the defect issue. This principle has no application here, however. "Cases commenced in other districts are treated as if they are pending in those other districts whether transferred to this court for pretrial purposes under the multidistrict litigation statute, 28 U.S.C. § 1407, or transferred for trial for the convenience of witnesses, 28 U.S.C. § 1404." *In re "Agent Orange" Product Liability Litigation,* 580 F.Supp. 690, 695 (E.D.N.Y.1984), *writ of mandamus denied,* 733 F.2d 10 (2d

---

**1.** Whether a § 1404(a) transfer may be permitted for the limited purpose of trial on one issue, rather than for all purposes, is subject to debate. *MCL 2d,* § 31.122, n. 31 ( [w]hether under § 1404 a case may be transferred only for the determination of certain issues and whether a retransfer or second transfer may be ordered is not clear"). Given the basis of my disposition of Dow's motion, I need not decide this issue. I therefore assume, *arguendo,* the propriety of transfer for adjudication of only a single issue.

**2.** Aside from the instant motion, the only motion outstanding is Dow's motion to dismiss plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act. I will rule on it in the next few weeks.

Cir.1984). *See In re Nucorp Energy Securities Litigation,* 772 F.2d 1486, 1491–92 (9th Cir.1985); *In re Eastern Airlines, Inc., Engine Failure,* 629 F.Supp. 307, 315–16 (S.D.Fla.1986); *Sentner v. Amtrak,* 540 F.Supp. 557, 559 n. 5 (D.N.J.1982); *In re Haven Industries, Inc.,* 462 F.Supp. 172, 179 (S.D.N.Y.1978); *MCL 2d,* § 33.23, at 297.

At the present time, MDL No. 711 is composed of at least seventeen cases. Those cases were originally filed in Colorado, Ohio, Pennsylvania, Tennessee, and Missouri. Plaintiffs assert these states "have differing 'defective product' standards." Plaintiffs' Response Brief at 22.[3] Thus, "[a]ny jury deliberation considering these differing standards would necessarily be tainted." *Id.* Dow does not contest this point, instead contending "there is ... nothing that suggests that the jury could not be given proper instructions and special interrogatories consistent with the law of all states involved in the MDL." Dow Reply Brief at 4.

For a single trial to be held on the issue of product defect, a fairly complicated scenario would have to transpire. First, an independent application of the choice of law rules of Colorado, Ohio, Pennsylvania, Tennessee, and Missouri would have to be implemented in order to identify what state's law should apply to each MDL composite case.[4] Once identified, the applicable laws would have to be compared. If one or more sets of laws were conflicting, would the extent of conflict render a trial so cumbersome that the initial purpose of promoting judicial economy would be subverted? Even if the trial could be held as a logistical matter, would the risk of jury confusion on the merits be so great as to obviate the prospective advantages to be gained from a single trial? None of these questions have been broached.[5]

Further, assuming proper instructions and special interrogatories could rectify any conflicts in governing law, Dow has made no effort to supply any such proper instructions and interrogatories. Given the multi-layered analysis which must be resolved before any separate product defect trial can be held, I cannot accept Dow's conclusions on faith. It is obvious that a change in law is needed to give proper effectuation to the purposes of MDL treatment. It is equally clear that the creation of such changes is beyond the purview of a trial judge's authority.

Accordingly, IT IS ORDERED that Dow's motion to consolidate and sever for trial the issue of whether Sarabond is a defective product is denied.

---

**3.** Plaintiffs appear to presume, perhaps incorrectly, that under the conflict of law rules of each state, the forum law of that respective state would apply. Neither party has actually conducted the requisite conflict of law analysis.

**4.** Depending on the facts of each case, this analysis could potentially result in the application of the law of more than the five states enumerated.

**5.** Although Dow has also sought oral argument on this motion, the questions raised in this opinion are properly the subject of briefing. I do not find oral argument would substantially aid in resolution of those issues already addressed in the briefs.