**CONSUMERS GAS & OIL, INC., a Colorado farm cooperative in liquidation, on behalf of itself and others similarly situated, Plaintiffs,**

**v.**

**FARMLAND INDUSTRIES, INC., et al., Defendants.**

Civ. A. No. 92–F–1394.

United States District Court,
D. Colorado.

Nov. 16, 1992.

Kirk Rider, Yeulin V. Willett, Younge & Hockensmith, P.C., Grand Junction, CO, Richard G. Sander, Robert J. Potrykus, Jr., Popham, Haik, Schnobrich & Kaufman, Ltd., Denver, CO, Frank A. Taylor, Popham, Haik, Schnobrich & Kaufman, Minneapolis, MN, for plaintiffs.

G. Stephen Long, Daniel F. Wake, Coghill & Goodspeed P.C., Denver, CO, Alvin D. Shapiro, Kansas City, MO, for defendants.

## ORDER REGARDING MOTIONS

SHERMAN G. FINESILVER, Chief Judge.

This case involves class action claims for Defendants' alleged failure to properly retire capital credits held by Plaintiff and others similarly situated. Jurisdiction is based on 28 U.S.C.A. § 1331 (West Supp.1992). This matter comes before the Court on Defendants Motion to Transfer Venue and Supporting Authorities under 28 U.S.C.A. § 1404(a) (West 1976); Defendants' Motion to Strike Class Action Allegations and Supporting Authorities under Fed.R.Civ.P. 23 (West 1992); Defendant's Motion to Dismiss with Supporting Authorities and Defendant Farmland's Motion to Dismiss Amended Complaint with Additional Supporting Authorities under Fed.R.Civ.P. 12 (West 1992); Individual Defendants' Motion to Dismiss Amended Complaint under Fed.R.Civ.P. 12 (West 1992); Motion to Quash Purported Service of Process on Them under Fed. R.Civ.P. 4; and Additional Supporting Authorities; and Motion for Award of Costs pursuant to Fed.R.Civ.P. 4 (West 1992). These issues have been fully briefed by the litigants. For the reasons stated below, the Motion to Transfer Venue is DENIED, Motion to Strike Class Action Allegations is HELD IN ABEYANCE, Defendant's Motion to Dismiss with Supporting Authorities and Defendant Farmland's Motion to Dismiss Amended Complaint with Additional Supporting Authorities are GRANTED IN PART and DENIED IN PART; Individual Defendants' Motion to Dismiss Amended Complaint, Motion to Quash Purported Service of Process on Them, and Additional Supporting Authorities is GRANTED IN PART and DENIED IN PART; Plaintiff's Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Claims for Relief in its Amended Complaint–Class Action are DISMISSED; and the Motion for Award of Costs is GRANTED.

## I. BACKGROUND

Plaintiff Consumers, the putative class representative, is a farm cooperative which was

organized and exists under the laws of the State of Colorado.[1] It is currently in liquidation. Defendant Farmland is a farm cooperative which assists farmers in marketing their products. Farmland is owned by farm cooperatives like Consumers. Plaintiff brings this suit on behalf of itself and other "farm cooperatives which have dissolved or are in liquidation for money that is [allegedly] owed to them by the Defendants." Amended Complaint—Class Action at 1.

Farmland has approximately 1,300 member cooperatives. More than half of Farmland's members are located in Kansas, Missouri, Nebraska, Iowa and Oklahoma. The other half of Farmland's members are located in the remainder of states in which Farmland conducts business: Colorado, Wyoming, New Mexico, Montana, Utah, Idaho, North Dakota, South Dakota, Oregon, Texas, Minnesota, Wisconsin, Arkansas, Kentucky, Indiana and Illinois. Approximately 45 member cooperatives are located in Colorado.

When Consumers was an active Farmland member, its ownership interest in Farmland was evidenced by common stock which had voting rights. According to the membership agreement, Farmland is required to distribute any profits it may generate to Farmland members with which it did business during a particular year. To date, Farmland has neither retired the non-voting capital credits of Consumers, some of which was earned in the late 1960's, nor capital credits of the other local class cooperatives which comprise the putative class. Plaintiffs make the following claims: securities violations, racketeering, breach of fiduciary duty, conversion, breach of contract, promissory estoppel, unjust enrichment, intentional interference with contractual obligations, negligence, conspiracy, and a claim for punitive damages. Defendants have not answered, but have filed the motions discussed above.

## II. CHANGE OF VENUE

■ 28 U.S.C.A. § 1404(a) (West 1976) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute vests us with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1455, 1458 (D.Colo.1988).

## A. WHERE ACTION COULD HAVE BEEN BROUGHT

■ An initial issue is whether this action could have been brought in the United States District Court for the District of Kansas or Western District of Missouri, the districts where Defendant seeks to transfer venue. *In re Dow Co. "Sarabond Prods." Liab. Litig.*, 664 F.Supp. 1403, 1404 (D.Colo.1987).

Jurisdiction in this action is not based solely upon diversity of citizenship. 28 U.S.C.A. § 1391(b) (West Supp.1992) provides that in a civil action where jurisdiction is not based solely upon diversity, the action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Here, the Defendants do not all reside in Colorado. Under 28 U.S.C.A. § 1391(c) (West Supp.1991), a corporate defendant resides in any judicial district in which it is subject to personal jurisdiction. Although Defendant Farmland is incorporated in Kansas, it is authorized to do business in Colorado. Therefore, Defendant Farmland resides in Kansas, Colorado and any other state in which it is authorized to do business, for purposes of determining venue. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Hanson v. Denckla*, 357 U.S. 235, 252, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Wash-*

1. All factual recitations are taken from the litigants' pleadings.

*ington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Plaintiff has also sued other Defendants who do not reside in Colorado. For example, Defendant James L. Rainey is a resident of Oklahoma and Defendant Cleberg resides in Missouri. We consider the application of 28 U.S.C.A. §§ 1391(b)(2) and (3) to determine where venue is proper because all of the defendants do not reside in the same State.

In 28 U.S.C.A. § 1391(b)(2), the "in which claim arose" language has been omitted in favor of the purported much clearer test of where a substantial part of the events giving rise to the claim occurred. *See Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or.1991). Substantial events may occur in more than one State making venue proper in more than one district. *Id.* It is clear that a substantial part of the events giving rise to this lawsuit occurred in any jurisdiction where Defendant allegedly failed to redeem cooperative members' shares. Therefore, venue is proper in Colorado, Kansas or Missouri because Defendant operates in each of these States and allegedly failed to pay various cooperative members residing in each of these States. There are several equitable factors to be considered on the question of whether a change of venue is appropriate.

## B. EQUITABLE FACTORS

■ The moving party bears the burden to prove that the action should be transferred. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991). The Court may consider several factors in this analysis, including (i) Plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process; (iii) the costs of making the necessary proof; (iv) questions as to the enforceability of judgment; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) any potential conflict of laws questions; (viii) the advantage of having a local court determine questions of local law; and (ix) other practical considerations. *Chrysler,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,*

371 F.2d 145, 147 (10th Cir.1967)); *Midwest v. Phoenix Leasing Corp.,* No. 91–F–1000, slip op. at 3 (D.Colo. Sept. 26, 1991).

■ We hold that Plaintiff's claim should remain in the District of Colorado. The putative class consists of all those Farmland members who have dissolved or are in liquidation. It has not been established that because the majority of Farmland's members reside in Kansas, Missouri, Nebraska, Iowa and Oklahoma that the majority of Plaintiff class members will reside in those states. It is represented that Plaintiff class members are by definition financially weak. Therefore, it will potentially place an undue burden on Plaintiffs to require them to travel to Kansas or Missouri for court hearings and meetings.

Considerations of accessibility of witnesses and other sources of proof also weigh in favor of maintaining this lawsuit in the District of Colorado. Defendant argues that Plaintiff asserts claims for fraud. As such, Defendant claims that individual Plaintiffs will be required to prove the elements of fraud. Consequently, individualized discovery will be required. Plaintiff argues, however, that it is asserting general fraudulent actions by Defendant under a "fraud on the market" theory. *See Basic Inc. v. Levinson,* 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). Although discovery may occur in a variety of states, the Court will not engage in a fine tuned determination of Plaintiff's success in asserting a "fraud on the market" theory at this early stage in the proceedings. Furthermore, any discovery to be obtained from Defendant by Plaintiff will occur at Plaintiff's expense, unless costs are otherwise assigned under appropriate law.

The other factors weigh in favor of denying Defendant's Motion to Transfer Venue. Judgment will be enforceable against Defendant in Colorado because Defendant is a resident of this state. The consideration of the docket in this jurisdiction will not present any inordinate delay in the hearing of pretrial matters and in bringing this case to trial. This Court sees no problem in interpreting the state law of Kansas or other state's laws.

After considering all of these factors, we are persuaded that for the convenience of the litigants and the witnesses, and in the interests of justice, this action should not be transferred to the United States District Court for the District of Kansas or Western District of Missouri.

### III. MOTION TO STRIKE CLASS ALLEGATIONS

In light of this Court's Order Re: Alternative Dispute Resolution Procedure entered October 30, 1992, a motion to strike class allegations is premature. Discovery on this issue has not been completed. Therefore, Defendants' Motion to Strike Class Action Allegations and Supporting Authorities is DENIED WITHOUT PREJUDICE.

### IV. MOTIONS TO DISMISS

Defendants seek to dismiss Plaintiff's amended complaint contending that the Court lacks subject matter jurisdiction and Plaintiff has failed to state claims upon which relief can be granted.

### A. STANDARD

Courts apply a rigorous standard of review when presented with a motion to dismiss for lack of subject matter jurisdiction. Fed. R.Civ.P. 12(b)(1). In a "facial attack" on subject matter jurisdiction, the party challenging jurisdiction asserts that the complaint fails to allege facts upon which to base subject matter jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); *1610 Corp. v. Kemp*, 753 F.Supp. 1026, 1028 (D.Mass.1991). When defending against a "facial attack," the nonmoving party enjoys the same protections it would receive in defending a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6). *Osborn v. United States*, 918 F.2d 724 (8th Cir.1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

Under Rule 12(b)(6), the court must accept all factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). All plaintiff's pleadings must be liberally construed. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *FDIC v. Wise*, 758 F.Supp. 1414, 1416 (D.Colo.1991). Under Fed.R.Civ.P. 8(a)(2), plaintiffs are required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069–70 (D.Colo.1991) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Allegations of fraud must only be specific enough to give the defendants adequate notice of the claims against them. *Bernstein v. Crazy Eddie*, 702 F.Supp..962, 976 (E.D.N.Y.1988) *vacate in part In re Crazy Eddie Securities Litigation*, 714 F.Supp. 1285 (E.D.N.Y.1989) (citing *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987)).

A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless a plaintiff can prove no set of facts in support of their claims which would entitle them to relief. *Scheuer* 416 U.S. at 236, 94 S.Ct. at 1686; *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiffs' pleadings must be liberally construed. *Swanson*, 750 F.2d at 813. As long as plaintiffs offer evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Hiatt v. Schreiber*, 599 F.Supp. 1142, 1145 (D.Colo.1984).

## B. STANDING AND CAPACITY

Defendants argue that Plaintiff has dissolved [2] and, as such, it lacks standing and capacity to bring this suit under Colorado law. We disagree.

■ Determination of whether Plaintiff has capacity to sue is made with reference to the Colorado laws governing dissolution of Colorado corporations and cooperatives. Fed.R.Civ.P. 17(b) (West 1992). *See* Colo. Rev.Stat.Ann. §§ 7–8–122 and 7–55–114 (Bradford 1986). According to Section 7–55–114, a cooperative association is dissolved when all assets are liquidated, affairs are terminated, all moneys are distributed and the articles of dissolution have been filed. Clearly, although the dissolution process has apparently begun, Plaintiff has not been dissolved because it seeks to collect the remaining moneys allegedly owed to it in order that these moneys may be distributed and dissolution completed. Therefore, Plaintiff has capacity to bring this suit.

■ It is equally clear that Plaintiff has standing to maintain this action. Although the capital credits in question are held in the names of Plaintiff's trustees, Jack Shea, Charles Klasseen, and Kenneth Johnson, Plaintiff remains the real party in interest and has alleged a sufficient injury to bring this suit. Fed.R.Civ.P. 17(a) (West 1992).[3] It is Plaintiff's rights which have been allegedly violated by the Defendants' failure to properly redeem the capital credits. The trustees only represent Plaintiff in the winding up of its affairs and Plaintiff remains the beneficiary of all sums recovered on the capital credits. As such, Plaintiff is the real party in interest and it has standing to bring this suit.

## C. FEDERAL SECURITIES ACT CLAIMS

Defendants seek to dismiss Plaintiff's Complaint arguing that Plaintiff has failed to plead securities fraud with specificity, that no "purchase or sale" of a "security" occurred, and that the statute of limitations applies to bar Plaintiff's claims. We disagree.

### 1. Pleading with Specificity

Plaintiff sets forth the specific basis for its securities act claims in paragraphs 124, and 265 through 275 of its Amended Complaint. Plaintiff sets forth specific facts which, if proven, establish Defendants' violations of the securities act. After reviewing the Amended Complaint, we are satisfied that Plaintiff has satisfied its burden of pleading the elements of securities fraud with specificity.

### 2. Purchase or Sale

■ The alleged fraud must occur in connection with a "purchase or sale" of a "security" in order for Plaintiff to state a claim under Rule 10b–5. 15 U.S.C.A. § 78j(b) (1981); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1974). "Purchase or sale" includes a contract for the purchase or sale. 15 U.S.C.A. § 78c(a)(13) and (14) (1981). Here, Plaintiff alleges that Defendants contracted to purchase Plaintiff's capital credits and that Defendant's fraud prevented the purchase. Therefore, under the rationale stated in *Securities Investor Protection Corp. v. Vigman*, 803 F.2d 1513, 1519 (9th Cir.1986) (*"Vigman"*), there existed a "purchase or sale." Under *Vigman*, "[i]f a plaintiff had a contract to buy or sell a security, the contract right will satisfy the *Birnbaum* rule, even if the contract were breached." *Id.* Defendants argue that the case at bar falls under the exception to *Vigman* set forth in *Lewelling v. First California Co.*, 564 F.2d 1277, 1279–80 (9th Cir.1977). In *Lewelling*, it was held that the *Vigman* rule did not

---

**2.** Defendants assert that Plaintiff was in fact dissolved by the secretary of state. However, Defendants supply no proof on this issue. We will therefore determine whether, based on Colo.Rev. Stat.Ann. § 7–55–114, Plaintiff is dissolved. Even if we consider the documents filed with the motions to dismiss and consider the motions as if for summary judgment, the outcome on this issue would not change because there still exist genuine issues of material fact.

**3.** Even if we determined that Plaintiff was not the real party in interest, dismissal would be improper. Fed.R.Civ.P. 17 permits a reasonable time for Plaintiff to amend its complaint to name the real party in interest.

apply to a case where the contract to purchase or sell had been fully performed by the parties. Here, however, it is alleged that the contract is still executory. Therefore, we are of the view that *Lewelling* does not prevent this transaction from being classified as a "purchase or sale." *See Ohashi v. Verit Industries,* 536 F.2d 849 (9th Cir.1976) *cert. denied* 429 U.S. 1004, 97 S.Ct. 538, 50 L.Ed.2d 616 (1976). Plaintiff may be able to prove the existence of an executory contract sufficient to satisfy the elements of Rule 10b–5.

### 3. Security

■ Defendants also argue that the capital credits are not securities. Therefore, the anti-fraud provisions of the securities act are inapplicable. However, Defendants have admitted that these capital credits are securities by registering them with the Securities and Exchange Commission ("SEC"). Even if Defendant's admission is insufficient, we believe that the capital credits involved in this case fall within the broad definition of "security" as defined in 15 U.S.C.A. § 77b(1) (1981). Although securities issued by a farmer's cooperative are exempt from the Act's filing requirements, they are not exempt from the Act's anti-fraud provisions. *See Leoni v. Rogers,* 719 F.Supp. 555, 564 (E.D.Mich.1989). Therefore, Defendants' motions to dismiss Plaintiff's securities act claims must be denied.

### 4. Statute of Limitations

"Litigation instituted pursuant to § 10(b) and Rule 10b–5[ ] must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf v. Gilbertson,* —— U.S. ——, ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). The parties agree that the statute of limitations regarding Plaintiff's Federal Securities Claims is one year from the date of discovery with a three year period of repose. They disagree, however, as to when Plaintiff's action accrued.

■ Federal law controls when accrual occurs. *Anixter v. Home–Stake Production Co.,* 947 F.2d 897, 899 n. 5 (10th Cir.1991).

The one year period begins to run when the Plaintiff knew or should have known, through the exercise of due diligence, the facts giving rise to the alleged violation. *Id.* at 898–99. Therefore, in order to successfully dismiss Plaintiff's securities causes of action, Defendant must establish either that the alleged violation occurred more than three years before Plaintiff filed this suit or Plaintiff knew or should have discovered the alleged violation more than one year prior to commencement of this action.

Accrual of the one and three year periods in this case is subject to intense factual dispute. In attempting to establish accrual, Defendants rely on a letter from Plaintiff's counsel dated March 14, 1989. Defendants argue that in this letter Plaintiff admits that it had knowledge of facts supporting its securities fraud claims. We disagree. Nowhere in the letter does Plaintiff state that it has knowledge regarding alleged fraudulent acts by Plaintiff. At best, Plaintiff asserts in the letter that Defendants had abused their discretion by failing to properly redeem capital credits. Nevertheless, we are required on a motion to dismiss to read all pleadings in favor of the Plaintiff. As such, Plaintiff has alleged numerous facts in its complaint which, if proven at trial, will support a conclusion that this action was timely filed. For example, Plaintiff maintains that the fraudulent scheme was not accomplished until 1992, the time that Defendants instituted the Base Capital Plan and bulletin board.

### D. RICO CLAIMS

Plaintiff states five claims for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff's First Claim for Relief is brought against Farmland under 18 U.S.C.A. § 1962(c) for alleged acts of mail and securities fraud in association with "The Market," as the enterprise. Plaintiff's Second Claim for Relief alleges that the Farmland Officers, in their individual capacities, engaged in mail and securities fraud in violation of 18 U.S.C.A. § 1962(c), in association with "The Market," as the enterprise. In its Third Claim for Relief, Plaintiff alleges that the Farmland Officers, in their individual capacities, engaged in mail and securities

fraud in violation of 18 U.S.C.A. § 1962(c), in association with Farmland, as the enterprise. Plaintiff's Fourth Claim for Relief alleges that both Farmland and its officers in their individual capacities received income from a pattern of racketeering activity, mail and securities fraud, in violation of 18 U.S.C.A. § 1962(a). The Fifth Claim for Relief alleges that the Defendants conspired to violate the RICO act in violation of 18 U.S.C.A. § 1962(d).

Defendants make several arguments to support its claim that this Court lacks jurisdiction over Plaintiff's RICO claims. Defendants allege that Plaintiff has failed to allege an enterprise sufficiently distinct from the Defendant Farmland, there is no pattern of racketeering activity, there exist no sufficient predicate acts and Plaintiff's claims are barred by the statute of limitations.

#### 1. Enterprise

■ An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C.A. § 1961(4) (1984). "The alleged enterprise cannot be the same as the RICO defendant" for claims under 18 U.S.C.A. § 1962(c). *Schroder v. Volcker*, 646 F.Supp. 132, 135 (D.Colo.1986) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). "[A] corporation cannot, at the same time, be both a 'person' and an 'enterprise' under RICO." *Shared Diagnostic Services v. Henningsen*, 602 F.Supp. 428, 430 (E.D.Penn.1984).

Plaintiff pleads in the alternative first, that the enterprise is "The Market" which consists of "the individual Directors, Officers, and other active Farmland members, all acting in their individual capacities;" and second, that the enterprise is Farmland.[4] Both "The Market" and Farmland satisfy the definition of "enterprise" under the Act. However, Plaintiff must allege that these enterprises exist distinctly from the Defendant that allegedly associated with the enterprise to engage in a pattern of racketeering activity. Defendant has satisfied this burden.

Clearly, Plaintiff has alleged that Farmland is a distinct entity from "The Market" and Farmland's officers acting in their individual capacities as required by 18 U.S.C.A. § 1962(c). Plaintiff may be able to prove these facts at trial. Defendants have failed to establish that Plaintiff cannot prove any set of facts entitling it to relief.

#### 2. Pattern of Racketeering Activity and Predicate Acts

Next, Defendants argue that Plaintiff has failed to allege a sufficient pattern of racketeering activity. Racketeering activity includes mail and securities fraud. 18 U.S.C.A. § 1961(1) (West Supp.1992). A " 'pattern of racketeering activity' requires at least two acts of racketeering activity." 18 U.S.C.A. § 1961(5). Plaintiff alleges throughout its complaint that Defendants have engaged in multiple instances of mail and securities fraud. Plaintiff supports this claim with several specific factual allegations in its complaint. Likewise, Plaintiff has alleged specific predicate acts. These allegations are sufficient to give Defendants fair notice of the claims against them.

#### 3. Statute of Limitations

■ RICO claims are subject to a four year statute of limitations. *Agency Holding Corp. v. Malley–Duff & Assocs. Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). The Supreme Court has not addressed time of accrual however. *Id.* at 157, 107 S.Ct. at 2767. Accrual in this case is a question of Federal law. *Bath v. Bushkin, Gaims, Gaines, and Jonas*, 913 F.2d 817, 820 (10th Cir.1990). In *Bath*, the Court held that accrual cannot occur until the plaintiff knew or should have known of the source and existence of the alleged injury and that such injury was part of a pattern of racketeering activity. *Id.* at 820 (citing *Bivens Gardens Office Bldg. v. Barnett Bank*, 906 F.2d 1546, 1554–55 (11th Cir.1990)) *cert. denied Barnett Banks, Inc. v. Konstand*, —— U.S. ——, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991). This rule applies to each alleged

---

**4.** We note that pleading in the alternative is specifically permitted by Fed.R.Civ.P. 8(e)(2) and is appropriate under the circumstances presented herein.

RICO injury independently. *Id.* Therefore, assuming a pattern has occurred, a subsequent predicate act will not revive previous acts which the plaintiff should have discovered more than four years before the action was filed. *Indianapolis Hotel Investors v. Aircoa Equity Interests,* 733 F.Supp. 1406, 1409 (D.Colo.1990). We agree with Judge Lewis T. Babcock in the noted case that accrual does not occur until plaintiff knew or should have known the existence of all of the elements of its RICO claim. *Id.* Defendant has failed to establish that Plaintiff will not, under any set of facts, be able to prove that it neither knew nor should have known of the existence of all of the elements of its RICO claims more than four years before the complaint in this action was filed. Therefore, determination of Defendant's statute of limitations defense is inappropriate at this stage in the litigation.

## E. PENDENT STATE CLAIMS

Plaintiff alleges several state law claims in addition to its Federal securities and RICO claims. Defendants moves to dismiss these claims. According to 28 U.S.C.A. § 1367 (West Supp.1992), we may exercise supplemental jurisdiction over state claims arising in relation to Federal causes of action. However, we have wide discretion whether to exercise this supplemental jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). "This Court has consistently declined to exercise pendent jurisdiction over related state claims in cases arising under the federal securities laws." *Miller v. Calvin,* 647 F.Supp. 199, 203 (D.Colo.1985). We decline to exercise supplemental jurisdiction in this case.

## F. EQUITABLE RELIEF

Defendants seek to dismiss Plaintiff's claim for equitable relief requiring redemption of its equity and enjoining further alleged deceptive acts by Defendants. Entitlement to equitable relief in this nature is determined in the sound discretion of the district court. *Citizens for Environmental Quality v. United States,* 731 F.Supp. 970, 996 (D.Colo.1989). In order to obtain injunc-

tive relief, Plaintiff must establish irreparable injury and inadequacy of legal remedies. *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982). Plaintiff has alleged sufficient facts supporting its entitlement to equitable relief to withstand Defendants' motions to dismiss. Defendants have not established that Plaintiff can prove no set of facts entitling it to injunctive relief.

## G. COLLATERAL ESTOPPEL

█ Defendants next seek to dismiss Plaintiff's Complaint based on the doctrine of collateral estoppel in light of the order in *First National Bank and Trust Co. v. Farmland Industries, Inc.,* Civil Action No. 91–1477–A, 1992 WL 470522 (W.D.Okla. June 10, 1992) ("Oklahoma case"). Collateral estoppel, also referred to as claim preclusion, is a defense by which a defendant can prevent a plaintiff from relitigating claims already decided in another court. *Allen v. McCurry,* 449 U.S. 90, 94–96, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *Lowell Staats Mining Co. v. Philadelphia Electric Co.,* 878 F.2d 1271, 1280 (10th Cir.1989). In order to successfully assert a collateral estoppel defense, a defendant must establish identity of issues between the two lawsuits, that those issues were litigated to a final judgment and that the plaintiff in the current suit had a "full and fair opportunity to litigate its claims in [the previous lawsuit]." *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520 (10th Cir. 1990). If these elements are established, then the plaintiff is barred from relitigating issues of fact or law which were essential to the previous judgment. *Id.*

█ Defendants in this case have failed to establish either the identity of issues in this and the Oklahoma case or that Plaintiff had a full and fair opportunity to previously litigate its claims. One fundamental difference in identity is that in the Oklahoma case the parties stipulated that Kansas law applied. *First National Bank and Trust Co.,* Civil Action No. 91–1477–A at 1, 1992 WL 470522. Furthermore, the District Court of Oklahoma only addressed whether, under Kansas Statute § 17–1609, Plaintiff was entitled to redemption of its equity interest in

Farmland. *Id.* at 3–4, 1992 WL 470522. The Court held that because the plaintiff's claim was based on a Kansas statute, the Kansas statute of limitations applicable to statutory causes of action applied to bar the plaintiff's claim. *Id.* at 4, 1992 WL 470522. This case only tangentially, if at all, involves Kansas law and no action has been asserted under the Kansas statute attempted to be utilized in the Oklahoma case. Therefore, no identity of issues exist and Plaintiff's claims are not barred by collateral estoppel. It is also obvious that Plaintiff did not have a full and fair opportunity to litigate its claims in the previous lawsuit. Although Plaintiff asserts that Defendants have violated Fed. R.Civ.P. 11 by asserting a groundless collateral estoppel defense, no formal motion for sanctions is currently before the Court and we decline to now address this issue.

## V. QUASH OUT OF STATE SERVICE

The individual Defendants argue that out of state service of process on them was improper and that it should therefore be quashed. Fed.R.Civ.P. 4(f) permits service of process in accordance with the law of the state in which the district court sits or as authorized by any United States' statute. The Federal Securities and RICO laws permit nationwide service of process. 18 U.S.C.A. § 1965 (West 1984) and 15 U.S.C.A. § 78aa (West Supp.1992). *See Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.,* 925 F.2d 556, 562 (2d Cir.1991) *cert. denied* — U.S. ——, 111 S.Ct. 2829, 115 L.Ed.2d 998; *Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535, 538–39 (9th Cir.1986). The individual defendants argue that this Court lacks subject matter jurisdiction over the Federal Securities and RICO claims and therefore nationwide service is improper. We have above determined that jurisdiction exists over Plaintiff's Federal Securities and RICO claims. Plaintiff includes in its complaint sufficient allegations that the ends of justice require nationwide service with respect to the RICO claims. It has been alleged that these defendants participated in a nationwide fraudulent scheme. Therefore, nationwide service was proper on these defendants and this Court has personal jurisdiction over the individual Defendants.

## VI. COSTS PURSUANT TO FED.R.CIV.P. 4

Plaintiff seeks to recover the costs of personally serving several of the individual defendants as a result of their failure to return "acknowledgments" when they were served by mail. Fed.R.Civ.P. 4(c)(2)(D) provides that "[u]nless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons." Plaintiff's acknowledgment stated that "[i]f you do complete and return this form, you ... must answer the complaint within 20 days." (emphasis added). This acknowledgment form tracks the language of Form 18–A, Appendix of Forms, pursuant to Fed.R.Civ.P. 84.

Defendants do not contest that they failed to return acknowledgments within 20 days. Instead, Defendants argue that they had "good cause" for not doing so. They refused to return the acknowledgment, Defendants argue, because they believed that they would be required to then answer Plaintiff's complaint. Therefore, they believed that they would be barred from filing any motion to dismiss based on lack of jurisdiction or improper service of process. Therefore, Defendants claim that they had good cause under Fed.R.Civ.P. 4(c)(2)(D) for not returning the acknowledgment. Based on the intent of Fed.R.Civ.P. 4(c)(2)(D), Fed.R.Civ.P. 12(h) and the communications between counsel at the time Plaintiff was attempting service by mail, we do not find Defendants' argument persuasive.

Fed.R.Civ.P. 4(c)(2)(D) was established to save litigant's time and money. *Crocker Nat'l Bank v. Fox & Co.,* 103 F.R.D. 388, 390 (S.D.N.Y.1984). "In theory, the new Rule 4 should all but eliminate the need for personal service, thus reducing litigation costs and the cost of legal services in general." *Id.* (citing Siegel, *Practice Commentary on Amendment of Federal Rule 4,* 96 F.R.D. 88 (1983)). This policy would be severely obstructed if good cause for refusal to return the very acknowledgment recommended within the

rules could be based on the purported waiver of Defendants' right to file motions objecting to jurisdiction. It would be self destructive for the Federal Rules to simultaneously establish an inexpensive method of service and then adopt a form which would permit any defendant to refuse to return the acknowledgment claiming that good cause exists because they did not want to waive defenses. Furthermore, even if Defendants were prohibited from filing a Rule 12 motion, they still could have raised all of their defenses in their answer. *See* Fed.R.Civ.P. 12(h) (West 1992). Therefore, we believe that Defendants did not have good cause for failing to return the acknowledgments of mail service.

This result is supported by the communications between counsel while Plaintiff was attempting service by mail. During the time that Plaintiff mailed service to the individual Defendants, Plaintiff's counsel contacted Alvin D. Shapiro, Esq., then counsel for Defendant Farmland. Exhibit A to Motion for Award of Costs, August 26, 1992, letter to Mr. Shapiro. Mr. Shapiro represented that he would be representing the individual Defendants.[5] Upon Plaintiff's counsel's inquiry as to whether the individual Defendants would accept service by mail, Mr. Shapiro only replied to the effect that each individual defendant would have to be served. Mr. Shapiro made no representation that he believed returning the acknowledgment would constitute a waiver of defenses. Mr. Shapiro also refused to accept service on behalf of the individual Defendants. Defendants had ample opportunity to communicate with Plaintiff in this regard in compliance with the spirit of this Court's Local Rules requiring attorneys to meet and confer regarding disputed matters. Therefore, it is appropriate to impose costs of service against the individual Defendants who failed to return the acknowledgments.

We have above determined that this Court has personal jurisdiction over the individual Defendants and subject matter jurisdiction over the Federal Securities and RICO claims. Therefore, an award of costs under Fed.R.Civ.P. 4 is appropriate at this stage of the litigation. *Crocker National Bank,* 103 F.R.D. at 391.

## VII. ORDER

ACCORDINGLY, it is hereby ordered that:

1) Defendants Motion to Transfer Venue and Supporting Authorities filed September 18, 1992, is DENIED;

2) Defendants' Motion to Strike Class Action Allegations and Supporting Authorities filed September 18, 1992, is HELD IN ABEYANCE;

3) Defendant's Motion to Dismiss with Supporting Authorities filed September 18, 1992, and Defendant Farmland's Motion to Dismiss Amended Complaint with Additional Supporting Authorities filed October 20, 1992, are GRANTED IN PART and DENIED IN PART;

4) Individual Defendants' Motion to Dismiss Amended Complaint; Motion to Quash Purported Service of Process on Them; and Additional Supporting Authorities filed October 20, 1992, is GRANTED IN PART and DENIED IN PART;

5) Plaintiff's Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, and Twentieth Claims for Relief in its Amended Complaint–Class Action are DISMISSED;

6) Motion for Award of Costs Pursuant to Fed.R.Civ.P. 4 filed September 30, 1992, is GRANTED; Plaintiff is DIRECTED to file affidavits setting forth its costs of personal service on James L. Rainey, G.C. Matthieson, Harry D. Cleberg, J.D. Atwood, Tim R. Daugherty, Steven P. Dees, G.E. Evans, R.W. Honse, Earl L. Knauss, H. Wayne Rice and B.L. Sanders within twenty (20) days of entry of this order; Defendants shall have ten (10) days after Plaintiff files its affidavits to respond;

7) Defendants are DIRECTED to answer Plaintiff's Amended Complaint—Class Action no later than Friday, November 27, 1992.

---

**5.** Mr. Shapiro is currently counsel for all Defendants in this case.