**Ernst GRAF, Plaintiff,**

**v.**

**TASTEMAKER, a Delaware General Partnership, Defendant.**

**No. 95–D–2673.**

United States District Court, D. Colorado.

Dec. 15, 1995.

Richard L. Kalamaya, Longmont, CO, for Plaintiff/Petitioner.

William F. Schoeberlein, Kathryn A. Plonsky, Denver, CO, for Defendant/Respondent.

## ORDER

DANIEL, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Change Venue filed November 13, 1995, and the Response and Reply thereto. Defendant seeks to transfer venue to the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

28 U.S.C. § 1404(a) provides as follows: For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.* This statute vests the Court with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 815 F.Supp. 1403 (D.Colo.1992).

In a diversity action such as this, a civil action "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

In the case at hand, Plaintiff was a Colorado resident at all times relevant to the Complaint, but is currently an Idaho resident. Defendant is a Delaware general partnership which maintains its headquarters and principal place of business in Ohio. Actions involving a partnership defendant are assessed under corporate venue standards. *Injection Research Specialists v. Polaris Industries, L.P.*, 759 F.Supp. 1511 (D.Colo. 1991). A corporate defendant resides in any judicial district in which it is subject to personal jurisdiction, as construed to mean any state in which it is authorized to do business. *Consumers Gas & Oil*, 815 F.Supp. at 1406; *see also Brotherhood of Locomotive Eng'rs v. Denver & Rio Grande W. R.R. Co.*, 290 F.Supp. 612, 616 (D.Colo.1968), *aff'd* 411 F.2d 1115 (10th Cir.1969). Thus, Defendant resides in Delaware and Ohio for purposes of venue. Moreover, Defendant employed Plaintiff in Colorado at all relevant times to this action and, therefore, was authorized to conduct business in this state. Answer, ¶ 2. Thus, for purposes of venue, Defendant is also a resident of Colorado.

Defendant does not contest that venue is proper in this Court. Indeed, venue would be proper pursuant to either 28 U.S.C. § 1391(a)(1) or (2). Defendant resides in this judicial district, as discussed above. Further, a substantial part of the events or omissions giving rise to the claim occurred in this district. This action involves an alleged breach of employment contract by Defendant. Although the contract was executed in Ohio, the services under the agreement were to be performed in Colorado. Pursuant to the agreement, Plaintiff moved to Colorado and performed all the services of the contract in this state. Moreover, the actions of the Defendant which Plaintiff claims constitute a breach of contract and wrongful discharge occurred through transmissions to Plaintiff in Colorado. Thus, venue is proper pursuant to 28 U.S.C. § 1391(a)(2). *See Broadview Fi-*

*nancial, Inc. v. Entech Management Services,* 859 F.Supp. 444 (D.Colo.1994).

 Venue is also proper in Ohio, and the action could have been brought there, as Defendant resides there. Thus, the issue becomes whether the action should be transferred to Ohio for the convenience of the parties and witnesses and in the interest of justice. The moving party bears the burden to prove that the action should be transferred. *Consumers Gas & Oil,* 815 F.Supp. at 1407. Factors to be considered by the court include (i) Plaintiff's choice of forum, (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process, (ii) the costs of making the necessary proof, (iv) questions as to the enforceability of the judgment, (v) relative advantages and obstacles to a fair trial, (vi) difficulties that may arise from congested dockets, (vii) any potential conflict of laws questions, (viii) the advantages of having a local court determine questions of local law, and (ix) other practical considerations. *Id.*

Applying those factors to the case at hand, Plaintiff's choice of forum obviously weighs in favor of this jurisdiction. Although Defendant contends that the witnesses are located in Ohio, Plaintiff lists many witnesses that reside in Colorado also.[1] Moreover, Plaintiff states that many of these witnesses would not be able to afford to travel to Ohio; thus, this jurisdiction seems to be the most accessible to witnesses and other sources of proof. Since Plaintiff contends that he and the Colorado witnesses that he intends to call do not have the financial ability to travel to Ohio, it will place an undue burden on Plaintiff to require him to prosecute the action in Ohio. Thus, the costs of making the necessary proof and the relative advantages and obstacles to a fair trial also weigh in favor of this jurisdiction. Defendant has pointed out no problems that will arise from enforcement of the judgment against it in Ohio. Finally, even assuming that Ohio law applies, which this Court is not convinced of at this junc-ture, the Court does not anticipate any problems in interpreting the state law of Ohio.

Based upon the foregoing, this Court believes that the convenience of the parties and witnesses and the interest of justice would best be served by having this action remain in this jurisdiction. Accordingly, it is

ORDERED that Defendant's Motion to Change Venue is hereby **DENIED.**

---

1. Defendant argues that many of the witnesses' testimony, as described by Plaintiff, would not be relevant to this action. This Court is not in a position to rule upon whether a witness is relevant or not since discovery is just beginning in this case. Moreover, even if the Court assumed Defendant's argument to be true, it can not be disputed that Plaintiff has listed at least some witnesses from Colorado who clearly have testimony relevant to this action.