James CHUBB, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant.

No. 95–D–2337.

United States District Court,
D. Colorado.

Dec. 29, 1995.

---

Mark J. Kaplan, John J. Rossi, Morrisard, Rossi, Cox, Kiker & Inderwish, Aurora, CO, for Plaintiff.

Mark C. Hansen, Union Pacific Railroad Company, Omaha, NE, for Defendant.

## ORDER

DANIEL, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404 filed October 13, 1995, and the Response thereto. Defendant seeks to transfer this action to the United States District Court for the District of Nebraska or the United States District Court for the District of Wyoming, alleging that all people with knowledge of the circumstances surrounding Plaintiff's allegations reside and work in Wyoming or Nebraska.

Plaintiff brings suit under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* (hereinafter referred to as the "ADA"). Plaintiff claims that, in a previous action brought by Plaintiff against Defendant, Defendant's Superintendent of Termination Operations testified that Defendant could ac-commodate Plaintiff with regard to his injury by providing Plaintiff a management position such as Manager of Terminal Operations in Denver. Plaintiff further claims that, when Plaintiff requested this accommodation in Denver, Defendant advised Plaintiff that no management position was being offered. Plaintiff asserts that this failure to make reasonable accommodation to Plaintiff's disability and impairments constitutes employment discrimination against Plaintiff in violation of the ADA.

This Court must determine, within that factual framework, whether either Nebraska or Wyoming is a more convenient forum for this action. The ADA does not have a specific venue provision. Plaintiff asserts, without citing any authority, that the venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3) is applicable to actions under the ADA. Defendant does not discuss this issue. Also, Defendant does not contest that venue is proper in this jurisdiction. Instead, Defendant simply seeks to transfer the case to a more convenient forum.

■ In evaluating Defendant's Transfer request, the first issue that I must examine is whether venue is proper in this jurisdiction. In that regard, the Court notes that there appears to be a split of authority as to which venue provision applies in an ADA action. The two options are the venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3), or the general venue provision applicable to proceedings in the federal courts, 28 U.S.C. § 1391. *See Popovic v. J.B. Hunt Transport, Inc.,* 1994 Westlaw 531557 (M.D.La. 1994) (not reported in F.Supp.) (42 U.S.C. § 2000e–5(f) was the applicable statute in an ADA action); *but see Gilbert v. Texas Mental Health and Mental Retardation,* 888 F.Supp. 775 (N.D.Tex.1995) (since the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983 do not have specific venue provisions, the court applied the general venue statute, 28 U.S.C. § 1391); *Wilson v. Pennsylvania State Police Department,* 1995 Westlaw 129202 (E.D.Pa.1995) (not reported in F.Supp.) (venue in federal question cases involving the ADA and the Rehabilitation Act are governed by 28 U.S.C. § 1391).

I believe the reasoning in *Popovic, supra,* is persuasive and that 42 U.S.C. § 2000e–5(f)(3) is applicable in this case. As the court noted in *Popovic,* Section 12117 of the ADA provides that the "powers, remedies and procedures set forth in section ... 2000e–5 ... shall be the powers, remedies and procedures this subchapter provides to ... any person alleging discrimination on the basis of disability in violation of any provision of this chapter ... concerning employment." I deem the provision in 42 U.S.C. § 2000e–5(f)(3), that provides for the jurisdiction where a case can be brought, to be a "procedure" as stated in Section 12117. Therefore, § 2000e–5(f)(3) applies in the case at hand. Pursuant to this statute, the action is properly brought in Colorado since Colorado is the judicial district in which Plaintiff would have worked but for the alleged unlawful employment practice of Defendant.

Thus, the issue becomes whether the case should be transferred to the United States District Courts for the Districts of Nebraska or Wyoming pursuant to 28 U.S.C. § 1404(a). This statute provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.* Section 1404(a) vests the Court with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.,* 815 F.Supp. 1403 (D.Colo.1992).

The moving party bears the burden to prove that the action should be transferred. *Consumers,* 815 F.Supp. at 1407. Unless the evidence and the circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should not be disturbed. *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967). Factors to be considered by me include (i) plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process; (iii) the costs of making the necessary proof; (iv) questions as to the enforceability of the judgment; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) any potential conflict of laws questions; (viii) the advantages of having a local court determine questions of local law; and (ix) other practical considerations. *Id; Consumers,* 815 F.Supp. at 1407.

Applying those factors to the case at hand, I conclude that Plaintiff's choice of forum weighs in favor of jurisdiction in this Court. Although Defendant contends that all the witnesses are located in Nebraska or Wyoming, Plaintiff asserts that two of his treating physicians are located in Colorado. Moreover, Plaintiff will probably need to call witnesses employed by Defendant in Colorado to obtain specifics about the job in Denver and whether reasonable accommodations could have been made. Additionally, Defendant's witnesses from Nebraska and Wyoming could easily be transported to Colorado by Defendant since it is a multi-state transportation company, and the witnesses in Wyoming may be subject to compulsory process. Thus, jurisdiction in this Court seems to be just as accessible to witnesses and other sources of proof as Nebraska or Wyoming. Defendant has noted neither obstacles to a fair trial in this jurisdiction nor asserted that there will be problems arising from enforcement of any judgment against it. Finally, even if I were to assume that some other state's law applied in this case, such as the law of Nebraska or Wyoming, (for which no ruling is made at this juncture), I do not anticipate any difficulty in interpreting the laws of another state.

Based upon the foregoing, I believe that Defendant has failed to meet its burden of showing that either Wyoming or Nebraska is a more convenient forum than Colorado, or that the interest of justice weighs in favor of a transfer of this case. Accordingly, it is

ORDERED that Defendant's Motion to Change Venue is hereby **DENIED.**